# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2776

_____

| | | |
|---|---|---|
| Gee Gee Nick, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Morgan's Foods, Inc., doing business as | * | Eastern District of Missouri |
| Kentucky Fried Chicken; Morgan's | * | |
| Foods of Missouri, Inc., | * | |
| | * | |
| Appellants. | * | |

_____

Submitted:  April 11, 2001

Filed:  November 5, 2001

_____

Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Morgan's Foods, Inc., (appellant) appeals from a final order entered in the District Court[1] for the Eastern District of Missouri denying appellant's motion to reconsider sanctions imposed against it and its outside counsel for failure to participate in good faith in court-ordered alternate dispute resolution (ADR) and

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

imposing additional sanctions for vexatiously increasing the costs of litigation. See Nick v. Morgan's Foods, Inc., 99 F. Supp. 2d 1056, 1057 (E.D. Mo. 2000) (memorandum and order) (Morgan's Foods, Inc.). Appellant is represented on appeal by its chief in-house counsel. Appellant's outside counsel is not a party to this appeal and does not represent appellant in this appeal. For reversal appellant argues that the district court abused its discretion by sanctioning appellant because (1) the sanction was not authorized under Fed. R. Civ. P. 16(f) or the inherent power doctrine; (2) fines payable to the court are not available under Fed. R. Civ. P. 16(f); and (3) the uncontroverted facts establish that appellant's outside counsel was solely responsible for violating the court order and failing to participate in good faith in ADR. For the reasons discussed below, we hold that the district court acted within its discretion and we therefore affirm the district court's order denying the motion for reconsideration and imposing additional sanctions.

Jurisdiction was proper in the district court based on 28 U.S.C. §§ 1331, 1343. Jurisdiction is proper in this Court based upon 28 U.S.C. § 1291 and the collateral order doctrine. Appellant filed a timely notice of appeal under Fed. R. App. P. 4(a)(1)(A).

## FACTS

The following statement of essential facts, which are not in dispute, is based upon the district court's June 8, 2000, Memorandum and Order and the record reviewed as a whole. See Morgan's Foods, Inc., 99 F. Supp. 2d at 1057-59. Nick filed suit against appellant on June 15, 1998, alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. At that time, appellant was represented by outside counsel Robert Seibel, but all business decisions were made by appellant's in-house counsel Barton Craig. Pursuant to Fed. R. Civ. P. 16(f), a pretrial scheduling conference was held on May 20, 1999. The parties consented to ADR with a court-appointed

mediator pursuant to E.D. Mo. L.R. 6.01 - 6.05 ("the local rules"), and agreed to report back to the district court with the results of the ADR by September 30, 1999. On August 2, 1999, the district court issued an Order Referring Case to Alternate Dispute Resolution ("Referral Order") mandating that the ADR process be conducted in compliance with the local rules and listing other specific requirements. See App. at 40 (Referral Order (citing E.D. Mo. L.R. 6.01 - 6.05)). These requirements included, *inter alia*, that, at least seven days before the first ADR conference, each party shall supply the mediator with a memorandum presenting a summary of the disputed facts and its position on liability and damages; that all parties, counsel, corporate representatives and claims professionals with settlement authority shall attend all mediation conferences and participate in good faith; and that noncompliance with any court deadline could result in the imposition of sanctions against the appropriate party or parties.

On appellant's request, the district court agreed to postpone the first ADR conference until October 18, 1999. Appellant did not file the memorandum that was required to be filed at least seven days before the first ADR conference. In attendance at the conference on October 18, 1999 was the court-appointed mediator; Nick; Nick's counsel; appellant's outside counsel, Seibel; and a corporate representative of appellant who had no independent knowledge of the facts of the case and had permission to settle only up to $500. Any settlement offer over $500 had to be relayed by telephone to Craig, who chose not to attend the ADR conference on the advice of outside counsel Seibel. During the ADR conference, Nick twice made offers of settlement that were rejected without a counteroffer by appellant. The ADR conference ended shortly thereafter without a settlement having been reached.

After the ADR conference, the mediator informed the district court of appellant's minimal level of participation, and the district court issued an order directing appellant to show cause why it should not be sanctioned for its failure to participate in good faith in the court-ordered ADR process. In an October 29, 1999

response, appellant asserted that the Referral Order was only a set of nonbinding guidelines and admitted that it decided not to comply with the guidelines because doing otherwise would be a waste of time and money. On the same day, Nick moved to sanction appellant for failing to participate in good faith in the ADR process and requested attorneys' fees and costs arising out of her participation in the mediation.

The district court held a hearing on its show cause order and Nick's motion for sanctions on December 1, 1999, at which time Seibel confirmed that appellant's corporate representative at the ADR conference had only $500 settlement authority; that any change in appellant's position could only be made by Craig, who was not present but available by telephone; and that counsel had indeed failed to file the pre-ADR conference memorandum. After hearing argument by both parties, the district court concluded that appellant failed to participate in good faith in the court-ordered ADR process and sanctioned appellant $1,390.63 and appellant's outside counsel $1,390.62. These sanctions were calculated to cover the cost of the ADR conference fees ($506.25) and Nick's attorneys' fees ($2,275.00). The court also ordered appellant to pay a $1,500.00 fine to the Clerk of the District Court as a sanction for failing to prepare the required memorandum and for its decision to send a corporate representative with limited authority to settle to the ADR conference. The district court ordered appellant and appellant's outside counsel each to pay $30.00 to Nick for the costs she incurred attending the ADR conference.

On December 20, 1999, appellant filed a Motion for Reconsideration and Vacation of the Court's Order Granting Plaintiff's Motion for Sanctions (motion for reconsideration). The district court denied the motion for reconsideration and imposed additional sanctions against appellant and appellant's counsel in the amount of $1,250.00 each to be paid to the Clerk of the District Court for vexatiously increasing the costs of litigation by filing a frivolous motion. This appeal followed. Appellant appeals the sanctions levied against it that are to be paid to the Clerk of the

District Court; Appellant does not contest the sanctions levied against it that are to be paid to Nick and her counsel.

## DISCUSSION

### I.

We review sanction orders under the abuse of discretion standard. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) (applying abuse of discretion standard in reinstating sanction of dismissal against party that ignored court order); Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001) (explaining standard of review for sanctions imposed under inherent powers doctrine is abuse of discretion) (DaimlerChrysler); Hill v. St. Louis Univ., 123 F.3d 1114, 1121 (8th Cir. 1997) (finding no abuse of discretion). "Judicial discretion is 'the responsible exercise of official conscience on all the facts of a particular situation,' taking into consideration the purpose of the exercised power." Wright v. Sargent, 869 F.2d 1175, 1176 (8th Cir. 1988) (quoting Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 97 (8th Cir. 1971)). Part of the purpose of the sanctioning power -- the power at issue here -- is to control litigation and to preserve the integrity of the judicial process. See DaimlerChrysler, 251 F.3d at 695 (including integrity of court proceedings as one reason to uphold sanction). Upon review of the record as a whole, we hold that the district court did not abuse its discretion.

### II.

Appellant argues that the district court lacked authority to impose sanctions under Fed. R. Civ. P. 16(f).[2] We disagree. District courts have explicit authority to

---

[2]Appellant argues that the district court also lacked authority to impose sanctions under the inherent authority doctrine. Although we do not need to rely on

require pretrial conferences to improve the quality of the trial through more preparation or to facilitate the settlement of the case.  See Fed. R. Civ. P. 16(a)(4)-(5).  To achieve that end, and pursuant to local rules, courts in the Eastern District of Missouri may refer appropriate civil cases to mediation.  See E.D. Mo. L.R. 6.01.

The Referral Order issued in this case provided that the ADR conferences were to be conducted in accordance with the procedures outlined in the local rules.  See App. at 40, ¶ (b) (Referral Order).  The Referral Order also added other directions to facilitate settlement in this particular case, including the requirements that each party provide a memorandum to the mediator presenting a summary of disputed facts and a narrative description of its position on liability and damages, and that all parties, counsel, and corporate representatives with authority to settle claims shall attend all conferences and participate in good faith.

> Rule 16(f) provides that
>
> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the

---

the inherent power doctrine because we hold that the district court was authorized to sanction under Rule 16 and the local rules, we note that the sanctioning provisions of Rule 16 and the district court's inherent power to sanction are not mutually exclusive. In Chambers v. NASCO, Inc., 501 U.S. 32 (1991), the Court rejected the appellant's contention that the sanctioning provisions in the federal rules reflect a legislative intent to replace or foreclose resort to the courts' inherent power. See id. at 42-43. The Court observed that even though the Advisory Committee's Notes to Rule 16 point out that Rule 16's sanctioning provisions are designed to obviate dependence on the court's inherent power, there is no indication of an intent to displace that power, but rather to provide the courts with an additional tool to use. See id. at 49 n.13.

judge's own initiative, may make such orders with regard thereto as are just. . .

Fed. R. Civ. P. 16(f). Rule 16(f) also permits the district court to require the party, the party's attorney, or both to pay reasonable expenses incurred because of noncompliance with this rule, unless the noncompliance was substantially justified. See id. These sanctions may be imposed in lieu of, or in addition to, any other sanctions the judge deems appropriate. See id. Local Rule 6.05(A) requires the mediator to immediately inform the judge of any failure to attend any ADR conference, to comply with the Referral Order, or to otherwise cooperate with the ADR process. Like Rule 16(f), Local Rule 6.05(A) also permits the district court to impose any sanctions deemed appropriate. See also Everyday Learning Co. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (explaining that selection of proper sanction is entrusted to wide discretion of trial judge). Accordingly, we hold that the district court was authorized to invoke its sanctioning power under Rule 16(f) and the local rules for noncompliance with a pretrial order such as the Referral Order.

## III.

Appellant argues that, whereas Rule 11 of the Federal Rules of Civil Procedure authorizes monetary fines payable to the court, Rule 16 does not. See Brief for Appellant at 31-32. There is no merit to this position. Appellant cites no cases for the proposition that monetary fines are not authorized by Rule 16(f). Rule 16(f) expressly permits a judge to impose any other sanction the judge deems appropriate in addition to, or in lieu of, reasonable expenses. See Fed. R. Civ. P. 16(f). Here, the district court judge acted well within his discretion by imposing a monetary fine payable to the Clerk of the District Court as a sanction for failing to prepare the required memorandum, deciding to send a corporate representative with limited authority to the ADR conference, and for vexatiously increasing the costs of litigation by filing a frivolous motion for reconsideration.

Appellant urges that the "uncontroverted facts on the record conclusively establish that all of the conduct which irritated the Trial Court was the exclusive product of Appellant's trial lawyer and unknown to Appellant." Brief for Appellant at 3. Appellant argues that the affidavits of Craig and Seibel establish that it had no knowledge that its conduct was sanctionable and that its outside counsel was solely responsible for the noncompliance. See App. at 110-11 (motion for reconsideration). Appellant claims that Seibel did not pass along to Craig the necessity for a memorandum, and that, although Seibel advised Craig of the district court's Referral Order and the relevant local rules, Craig read neither and relied instead on the advice of Seibel.[3] See id. at 114 (affidavit of Barton Craig). Appellant further claims that Seibel advised Craig that his attendance at the ADR conference was not necessary. See Brief for Appellant at 2. For this reason, appellant argues that the district court abused its discretion in imposing the sanctions against it and not solely against its outside counsel.

It is undisputed that appellant did not provide the court-ordered memorandum to the mediator because appellant's outside counsel considered it unnecessary and duplicative, and thus too costly. See App. at 56, 57 (appellant's response to show cause order). It is further undisputed that appellant's corporate representative at the ADR conference had settlement authority limited to $500, see id. at 176 (Referral Order), and that any settlement offer over $500 could only be considered by Craig,

---

[3]However, Craig also asserts in his affidavit that he had been "intimately aware of the facts, discovery, and legal issues pertaining to the merits of the Plaintiff's claims and the Defendant's defenses," and that he was "involved in extensive communications...with defense counsel Robert Seibel prior to, and in preparation for, the mediation." App. at 112 (affidavit of Barton Craig).

who was not present and only available by telephone.[4] See id. at 86 (transcript of motion for sanctions), 176 (Referral Order).

It is a well-established principle in this Circuit that a party may be held responsible for the actions of its counsel. See, e.g., Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992) ("A litigant chooses counsel at his peril."). It is of no consequence when the abuses are perpetrated by counsel, rather than the client. See id. While forcing parties to answer for their attorneys' behavior may seem harsh, as this court noted in Inman v. American Home Furniture Replacement, Inc., 120 F.3d 117, 119 (8th Cir. 1997), litigants who are truly misled and victimized by their attorneys have recourse in malpractice actions.[5] Moreover, the sanction imposed by

_____

[4]Appellant argues that its counsel, Seibel, failed to inform appellant that Craig was required to attend the mediation and instead erroneously assured appellant that sending its highest ranking manager in Missouri was sufficient. See Brief for Appellant at 2. This argument incorrectly frames the issue because the problem was not the rank of the corporate representative but the corporate representative's ability to meaningfully participate in the ADR conference and to reconsider the company's position on settlement at that conference.

[5]Appellant cites numerous Tenth Circuit opinions for the proposition that clients should not be penalized when the fault lies solely with the attorney. See Brief for Appellant at 29-30 n.25 (citing cases). These cases are not instructive because the sanctions at issue were not monetary sanctions, but rather much harsher sanctions that disposed of the cases altogether and prevented the litigants from being heard in court. See M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872-74 (10th Cir. 1987) (involving sanction of default judgment); D.G. Shelter Products Co., 769 F.2d 644 (10th Cir. 1985) (involving sanction of summary judgment); Russel v. Weiker Moving & Storage Co., 746 F.2d 1419 (10th Cir. 1984) (involving sanction of dismissal); Jackson v. Washington Monthly Co., 569 F.2d 119 (10th Cir. 1978) (involving sanction of dismissal with prejudice). In contrast, in the instant case, the district court tailored the sanctions to address specific pretrial actions and allowed the underlying employment discrimination and retaliation action to proceed. Hence, the cases cited by appellant are irrelevant.

the district court need only be proportionate to the litigant's transgression. See Mann v. Lewis, 108 F.3d 145, 147 (8th Cir. 1997) (remanding for entry of dismissal without prejudice instead of dismissal with prejudice). Here, the sanctions were calculated to reflect only the money appellant saved by failing to prepare the required memorandum and its decision not to send Craig to the ADR conference, Nick's costs, Nick's attorneys' fees, and a fine for vexatiously increasing the costs of litigation by filing a frivolous motion for reconsideration. See Morgan's Foods, Inc., 99 F. Supp. 2d at 1063.

Because a client may be sanctioned for the actions of its counsel; because Rule 16(f) permits the district court judge to impose sanctions on the party, the party's attorney or both; and because the amount of the sanctions is proportionate to the abuses at issue in the present case; we hold that the district court did not abuse its discretion in sanctioning appellant. As the district court reasoned,

> [t]o require other parties to attend a mediation where the individual who is participating as the corporate representative is so limited, and cannot be affected by the conversation [during the mediation], is to in effect negate that ability of that mediation to in any way function, much less be successful. . . . [T]he mediation has very limited effect if the only opportunity for the decision-maker to participate in a mediation is the summary provided by counsel over the telephone, rather than participation in the mediation itself.

App. at 87-88 (transcript of motion for sanctions).

In sum, we hold that the district court did not abuse its discretion in imposing monetary sanctions against appellant for its lack of good faith participation in the ADR process, for its failure to comply with the district court's August 2, 1999, Referral Order, and for vexatiously increasing the costs of litigation by filing a frivolous motion for reconsideration. The order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.