**Tammy TURNER, Plaintiff,**

v.

**Joseph C. YOUNG and Stanhope Express, Inc., Defendants.**

**No. 01–2324–KHV.**

United States District Court,
D. Kansas.

Feb. 11, 2002.

---

David M. Peterson, Jason L. Bush, Mitchell L. Burgess, Peterson & Associates, P.C., Kansas City, MO, for plaintiff.

David R. Buchanan, Scott A. Hunter, Laura Louise Del Percio, Brown & James, P.C., Kansas City, MO, for defendants.

### MEMORANDUM & ORDER

O'HARA, United States Magistrate Judge.

I. Introduction.

This case comes before the court on the motion of plaintiff Tammy Turner for sanctions against defendant Stanhope Express, Inc. (Stanhope) (**doc. 23**). The court has reviewed plaintiff's memorandum in support (doc. 24), Stanhope's memorandum in opposition (doc. 28), and plaintiff's reply (doc. 38). For the reasons explained below, plaintiff's motion is denied.

II. Background.

In compliance with the scheduling order entered in this case, the parties scheduled a mediation for December 13, 2001. On November 26, 2001, defense counsel sent a letter to plaintiff's counsel requesting permission to have the claims handler with settlement authority participate in the mediation by telephone. On November 27, 2001, plaintiff's counsel sent a response letter, objecting "vehemently" because he believed the mediation would be a "waste of time" if defendant did not send someone to the mediation with settlement authority. Plaintiff's counsel further stated: "If you insist on not participating fully, I would suggest that we contact the Court immediately so that this issue may be resolved well in advance of the mediation." Plaintiff's counsel heard nothing further from defense counsel about this issue.

On December 13, 2001, defense counsel came to the mediation and was accompanied

by Scott Glow, a representative of defendant's liability insurance carrier, Carolina Casualty Insurance Company. Before the mediation, Carolina Casualty decided that it would give Glow authority to pay up to $25,000 to settle all of plaintiff's claims. When the mediation commenced, plaintiff's counsel communicated that the mediation was being conducted only to settle plaintiff's personal injury claims, but not the potential invasion of privacy claim plaintiff has not yet sued upon. Accordingly, Glow called Tony Sarchet, a representative in Carolina Casualty's home office, and Sarchet told Glow that he was authorized to pay only $20,000 if the settlement would not effect a release of plaintiff's invasion of privacy claim. Mediation proceeded, and the parties reached an impasse. Plaintiff's last demand was $32,500, and defendant's final offer was $20,000.

Plaintiff now seeks sanctions against defendant for its failure to send a representative to the mediation who had authority to settle plaintiff's claims.

III. Analysis.

Plaintiff argues that D. Kan. Rule 16.3 required Stanhope to send a representative with settlement authority to the mediation. It is unclear whether, by its terms, D. Kan. Rule 16.3 requires a party representative with settlement authority to participate in a mediation session facilitated by a private mediator. D. Kan. Rule 16.3 provides:

> Consistent with Fed.R.Civ.P. 16, the judge or magistrate judge to whom a case has been assigned will likely enter an order directing counsel and the parties, at the earliest appropriate opportunity, to attempt to resolve or settle their dispute using such extra-judicial proceedings as mediation, mini-trials, summary jury trials or other alternative dispute resolution programs. Any such order may set forth the terms of the extra-judicial proceedings. Pursuant to 28 U.S.C. § 652, as amended October 30, 1998, litigants in all civil cases are required to consider the use of an alternative dispute resolution process, including, but not limited to, mediation, settlement conferences, early neutral evaluation, mini trial, and arbitration

as authorized in 28 U.S.C. §§ 654 and 658, at an appropriate stage in the litigation. Specific cases in which use of alternative dispute resolution would not be appropriate may be exempt from this requirement. Settlement conferences shall be conducted in such a way as to permit an informative discussion between counsel and the parties, and the judge, magistrate judge, or mediator of every possible aspect of the case bearing on its settlement, thus permitting the judge, magistrate judge, or mediator to privately express his or her views concerning the settlement of the case. Attendance by a party representative with settlement authority at such conferences is mandatory, unless the court orders otherwise. In cases where the United States is a party, attendance at the conference by the United States Attorney for the District of Kansas will satisfy this rule.

> Settlement conference statements or memoranda submitted to the court or any other communications which take place during the settlement conference shall not be used by any party in the trial of the case. The judge, magistrate judge, or mediator presiding over the settlement conference shall not communicate to the judge or magistrate judge trying the case the confidences of the conference except to advise as to whether or not the case has been settled. If the conference is conducted by a mediator, the costs of the conference, including the reasonable fees of the mediator, shall be assessed to the parties in such proportions as shall be determined by the judge or magistrate judge.

D. Kan. Rule 16.3 (emphasis added). The emphasized language is at issue in this case.

Unfortunately, the present version of D. Kan. Rule 16.3 may not be a model of clarity in attempting to determine whether the emphasized language applies only when the court conducts a settlement conference, or whether it also applies when the parties hire a private mediator to facilitate a mediation session. Arguments can be made both ways. On the one hand, the third sentence in the first paragraph refers to "mediation" and "settlement conferences" as distinct forms of

alternative dispute resolution, and the second and third paragraphs apply only to "settlement conferences," a term that refers to settlement conferences facilitated by a district judge or a magistrate judge, not to private mediation sessions. On the other hand, the second and third paragraphs repeatedly refer to a "judge," "magistrate judge," and "mediator" as distinct types of facilitators and, therefore, the term "mediator" undoubtedly refers to a private mediator.

█ In any event, to the extent the emphasized language might be read to apply only to require a party representative with settlement authority to attend settlement conferences facilitated by a district judge or a magistrate judge, the undersigned magistrate judge hereby expressly extends that requirement to mediation sessions facilitated by a private mediator. Thus, regardless of whether parties are attending a settlement conference or a private mediation session, "[a]ttendance by a party representative with settlement authority ... is mandatory." Of course, the court may enter an order alleviating this requirement. D. Kan. Rule 16.3 ("unless the court orders otherwise"). In addition, in the case of a private mediation session, a private mediator may alleviate this requirement if all parties are given reasonable notice before the scheduled mediation. That way, any party that believes mediation would be a "waste of time" in the absence of attendance by a party representative with settlement authority will have time to seek a court order alleviating that party of its obligation to participate in the mediation session.

█ The undersigned also wishes to clarify what, precisely, is meant by "[a]ttendance by a party representative with settlement authority." "Attendance" means to appear in person and participate directly, not to stand by or participate by telephone. "[S]ettlement authority" means full, meaningful, authority. A person with settlement authority does not need to pick up the phone to call anyone else to find out whether he or she can go higher or lower. A person with settlement authority is "the" decisionmaker. He or she is the person who has authority to meet the other party's demand, even if he or she chooses not to do so.

█ In this case, defendant argues that Glow had full authority to settle plaintiff's claims. Defendant provided an affidavit from Sarchet in which he states that Carolina Casualty decided, prior to the mediation, that the most Carolina Casualty was willing to offer to settle all of plaintiff's claims was $25,000, and that Carolina Casualty sent Glow to the mediation with "full authority" to settle plaintiff's claims accordingly. Glow is a paradigm example of the type of person who does not have the required settlement authority. At the beginning of the mediation, when plaintiff's counsel communicated that she was only willing to discuss settlement of plaintiff's personal injury claims, Glow called Sarchet to find out how high he could go to settle only those claim. Thus, Sarchet was the person with the required settlement authority, and defendant should have sent him to the mediation.

Nevertheless, when the court was presented with plaintiff's present motion, the court was struck by the absence of clear case law from this jurisdiction providing definitive guidance on this precise issue. Purely as a matter of common sense, courtesy, and good faith, this requirement seems clear to the court. However, because of the absence of precedent to alert Stanhope that it would be subject to sanctions for sending Grow instead of Sarchet, the court is reluctant to impose sanctions against Stanhope in this case.

In the future, however, this particular magistrate judge will expect all parties to be on notice that failure to abide by these guidelines will be regarded as exhibiting a lack of good faith, and could warrant sanctions under Fed.R.Civ.P. 16(f). *See generally, e.g., Nick v. Morgan's Foods, Inc.,* 270 F.3d 590 (8th Cir.2001) (affirming a district court's order imposing sanctions against a party for its failure to participate in good faith in a court-ordered alternative dispute resolution); *St. Paul Fire & Marine Ins. Co. v. CEI Fla., Inc.,* 152 F.R.D. 95 (E.D.Mich.1993) (imposing sanctions against a party for its lack of a good-faith attempt to comply with a local court rule and a pretrial order requiring a party representative with authority to settle

the case to attend the final pretrial conference).

This opinion will be submitted for publication with the intent of ensuring that attorneys and litigants are aware that the undersigned expects party representatives with full, meaningful settlement authority to personally appear and directly participate in settlement conferences with a district judge or magistrate judge, as well as mediation sessions facilitated by a private mediator. Any party that devotes its time, resources, and efforts to send an authorized representative to a mediation session should be able to expect the same courtesy from all other parties. Of course, the court cannot, nor will it, force parties to settle. However, the court can ensure that, when appropriate, the parties put forth their best efforts to engage in meaningful settlement negotiations.

IV. Conclusion and Order.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion for sanctions against defendant Stanhope (**doc. 23**) is denied.

2. The clerk shall mail copies of this order to all counsel of record.