# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-3916

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| William Charles Pugh, | * | |
| | * | |
| Defendant - Appellant. | * | Appeal from the United States |
| | * | District Court for the District of |
| ---------------------------- | * | Minnesota. |
| | * | |
| Commonwealth Land Title Insurance | * | |
| Company; Firstar Bank of Minnesota, | * | |
| N.A.; Anne Marie Borne, | * | |
| | * | |
| Petitioners, | * | |
| | * | |
| Nance Reeves; Sheri L. Lauckner, | * | |
| | * | |
| Garnishees. | * | |

_____

Submitted: April 19, 2006
Filed:  April 24, 2006

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

In the proceedings that gave rise to this appeal, attorney William Charles Pugh was found by the district court[1] to owe $711,509.43 in outstanding restitution debt from a 1997 criminal conviction and was sanctioned for his pro se submission of a false discovery plan in preparation for an evidentiary hearing on the debt. On appeal Pugh challenges both the outstanding debt amount and the imposition of sanctions. We affirm.

Pugh was convicted in 1997 for orchestrating a fraudulent scheme to misappropriate funds entrusted to him to complete real estate transactions. He was sentenced to prison and ordered to pay restitution of over $1.2 million to Commonwealth Land Title Insurance Company (Commonwealth). Pugh discharged a portion of his restitution debt while incarcerated, and an additional $147,012.21 was discharged by his former companion, Anne Marie Borne.

After Pugh was released in 2002, the government applied for a writ of garnishment to collect the remainder of the debt pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3205(b)(1). A magistrate judge granted the writ over Pugh's objections and denied his request for an evidentiary hearing to determine how much had already been discharged. Pugh appealed, and we concluded that the amount of remaining restitution debt was unresolved and remanded with instructions to conduct an evidentiary hearing. See United States v. Pugh, 75 Fed.Appx. 546 (8th Cir. 2003).

Once the case was again in the district court, Borne successfully moved to be substituted for Commonwealth as the restitution payee for that part of Pugh's debt she had paid and counsel engaged in extensive negotiations over discovery in preparation for the evidentiary hearing. They were unable to agree on a discovery plan, however.

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

In June 2005 Pugh, whose counsel had by that time withdrawn, filed a pro se Motion for Discovery with an attached discovery plan purportedly agreed to by both sides. At the end of the document there were signature lines for the attorneys representing each side, on which there were handwritten notations of "/s/" indicating electronic signatures. The government objected to the discovery report and subsequently moved to strike it and for sanctions. The motion to strike was granted on June 30 without any objection from Pugh, and a hearing on the motion for sanctions and on Pugh's objections to the original garnishment order was conducted on July 26.

The magistrate judge[2] issued two separate decisions some three weeks later. A report and recommendation found Pugh's outstanding restitution debt to be $711,509.43 and discounted as unproven his assertion that part of the debt to Borne had already been paid. In addition an order imposed sanctions on Pugh for filing a document he knew to be false, censuring him and recommending to state authorities that he never again be allowed to practice law.[3] The district court adopted the magistrate judge's findings on the outstanding restitution debt and affirmed the sanctions order. Pugh challenges both actions on appeal.

Pugh first argues that he submitted adequate proof to show that his restitution obligation to Borne should have been discounted by $20,000 to account for his transfer to her of his half interest in a Cayman Island condominium and by $18,700 for his assignment to her of rents from several North Dakota properties for the period July 1, 1997 to July 1, 2001. He claims alternatively that he should at least be credited for $1200 of the North Dakota rent payments for which he attached cancelled checks

---

[2]The Honorable Jonathan Lebedoff, then Chief Magistrate Judge for the District of Minnesota. Judge Lebedoff retired from his position on September 20, 2005.

[3]A copy of the order of the magistrate judge was forwarded to the proper state licensing authorities; Pugh was subsequently disbarred. See In re Disciplinary Action Against Pugh, 710 N.W.2d 285 (Minn. 2006).

to an affidavit he filed after the evidentiary hearing. We review the district court's application of the restitution statute de novo. United States v. Bush, 252 F.3d 959, 962 (8th Cir. 2001). A defendant claiming partial payment of his restitution debt has the burden of proof, and ambiguous evidence may be discounted. See id. at 962-63. At the evidentiary hearing Pugh submitted only an unregistered deed without Borne's signature to show transfer of his interest in the condominium and a document, also unsigned by Borne, purporting to assign the North Dakota rents to her as payment for "a debt." There was no evidence other than Pugh's testimony to show that the purpose of either transfer was to pay part of his restitution debt or even that Borne received any funds. Although Pugh later produced cancelled checks for some of the rent payments, they were not properly submitted before the trial court and are therefore excluded from the record on appeal. Rivers-Fison v. Southeast Missouri Comm. Treatment Ctr., 133 F.3d 616, 619 n.2 (8th Cir. 1998). We conclude that the district court did not err in adopting the magistrate judge's findings concerning Pugh's outstanding restitution debt.

Pugh next challenges the imposition of sanctions, arguing they were not supported by sufficient evidence and were unduly severe and that he should have been allowed to submit expert testimony showing a "strong probability" that he did not forge the /s/ notations over the signature lines on the discovery plan. We review for abuse of discretion both the exclusion of expert testimony, Torbit v. Ryder System, Inc., 416 F.3d 898, 903 (8th Cir. 2005), and the imposition of sanctions, Nick v. Morgan Foods, Inc., 270 F.3d 590, 594 (8th Cir. 2001), and see no error. The proffered expert testimony was excluded because it was irrelevant; the government did not contend that Pugh personally forged the /s/ notations, only that he had knowingly submitted a false document. Pugh had himself admitted during cross examination that as of "later 2004" he knew through his counsel that no discovery plan had been agreed to by the parties. Although Pugh subsequently filed an affidavit claiming that the document he filed was intended as nothing more than an "example" of the discovery he wished to undertake, his attempt to supplement his trial testimony

was properly rejected.  <u>See</u> <u>Camfield Tires, Inc. v. Michelin Tire Corp.</u>, 719 F.2d 1364-65 (8th Cir. 1983) (affidavit conflicting with earlier sworn testimony could not create issue of fact).  Finally, as the magistrate judge noted, Pugh was no ordinary pro se litigant, but a trained and licensed attorney.  We conclude that under all the circumstances the imposition of sanctions was reasonable.

For these reasons, we affirm the judgment of the district court.

_____