# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1679/2058

———————

Harsh S. Katoch,        *
      *
       Appellant,      *
      *   Appeal from the United States
    v.         *   District Court for the
      *   Eastern District of Missouri.
Mediq/PRN Life Support Systems, Inc.;   *
John Does, 1-10 inclusive; David     *   UNPUBLISHED
Armstrong; Brad Thompson,      *
      *
       Appellees.      *

———————

Submitted: January 11, 2007
Filed: April 26, 2007

———————

Before LOKEN, Chief Judge, BYE, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Harsh S. Katoch appeals the district court's adverse grant of summary judgment, denial of a motion to strike an affidavit, evidentiary decisions, and sanction orders against his counsel. We affirm.[1]

———————

[1] The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Katoch, a biomedical technician, was fired by Mediq/PRN Life Support Systems, Inc. ("Mediq"), after having a physical altercation with a co-worker. Katoch alleged claims of employment discrimination based on race, religion, color, national origin, age, and disability against Mediq and former Mediq employees Brad Thompson and Dave Armstrong under Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act. See 42 U.S.C. § 2000e; Mo. Rev. Stat. § 213.055. Katoch also alleged various tort and contract claims against Mediq, Thompson, and Armstrong.

The district court dismissed Katoch's employment discrimination claims under Title VII and the MHRA against Thompson and Armstrong for failure to state a claim, and the tort claims against Mediq for lack of jurisdiction. The district court then dismissed the balance of the claims against Armstrong and Thompson for failure to serve them with process in a timely manner, and later imposed sanctions on Katoch's counsel for failure to comply with a court order. The district court then granted summary judgment for Mediq on the remaining claims. In its summary judgment order, the district court also denied Katoch's motion to strike the affidavit of Lynne Shapiro, a vice president for human resources at Mediq, which had been offered in support of Mediq's motion for summary judgment.

On appeal, Katoch contends that the district court erred by granting summary judgment, by not striking the Shapiro affidavit, by making erroneous evidentiary decisions, and by issuing sanction orders against his counsel. Having carefully reviewed the record, we find no error in the district court's disposition of Katoch's claims. See Ohio Cas. Ins. Co. v. Union Pac. R.R. Co., 469 F.3d 1158, 1159 (8th Cir. 2006) (*de novo* review of grant of summary judgment); United States v. Pugh, 445 F.3d 1066, 1068 (8th Cir. 2006) (district court has discretion in both the exclusion of expert testimony and the imposition of sanctions); Sallis v. Univ. of Minn., 408 F.3d 470, 477 (8th Cir. 2005) (allowing for a "narrow and deferential" review of a district court's discovery rulings) (quoting Roberts v. Shawnee Mission Ford, Inc., 352 F.3d

358, 360 (8th Cir. 2003)); <u>Boerner v. Brown & Williamson Tobacco Co.</u>, 394 F.3d 594, 600 (8th Cir. 2005) (district court has discretion to admit evidence). Therefore, the judgment is affirmed. <u>See</u> 8th Cir. Rule 47(b).

_____