Anthony **CHANCEY**, Plaintiff,

v.

The **HARTFORD LIFE & ACCIDENT INSURANCE COMPANY**, Defendant.

**Case No. 8:11–cv–1700–T–23TBM.**

United States District Court, M.D. Florida, Tampa Division.

Dec. 5, 2011.

---

Nancy L. Cavey, Cavey & Barrett, PA, St. Petersburg, FL, for Plaintiff Anthony Chancey.

Jeannine Cline Jacobson, Sedgwick LLP, Ft. Lauderdale, FL, for Defendant The Hartford Life & Accident Insurance Company.

Jack Light Townsend, Law Office of Jack L. Townsend, Sr., PA, Tampa, FL, for Mediator Jack Townsend.

## ORDER

STEVEN D. MERRYDAY, District Judge.

Less than two weeks before a court-ordered mediation, the Hartford Life & Accident Insurance Company ("the Hartford") moves (Doc. 11) to appear at the mediation by telephone. Paring its argument to a single sentence, the Hartford claims "it is a significant burden for the Hartford Litigation Manager handling this matter ... to travel to Florida to attend the mediation as she has a baby and she lives and works in Simsbury, Connecticut." (Doc. 11 at 1)

▪ The order referring the action to mediation states, "every party (or the designated representative with full authority to settle) shall personally attend the mediation. Absent extraordinary circumstances, this requirement will not be waived." (Doc. 10 at 3) Court-ordered mediation with each party physically present facilitates compromise and resolution, which saves the parties', the court's, and the public's resources—in other words, saves them a burden. *See Nick v. Morgan's Foods, Inc.*, 99 F.Supp.2d 1056, 1062–63 (E.D.Mo.2000), *aff'd*, 270 F.3d 590 (8th Cir.2001); Janice Nadler, *Rapport in Legal Negotiation: How Small Talk Can Facilitate E–Mail Dealmaking*, 9 HARV. NEGOT. L.REV. 223, 228–29 (2004) (explaining the importance of non-verbal signals to negotiation). An "extraordinary circumstance" is a countervailing burden sufficient to warrant sacrificing what the parties, the court, and the public gains from a proper mediation.

▪ A motion can show an "extraordinary circumstance" in either of two ways.

One is to present an obstacle that is obviously almost insurmountable. A party in a body cast is not necessary, but that is the idea. The other is to present a burden not overwhelming at first blush and to explain in detail each inference necessary to show that the burden on the individual outweighs the burden on the parties, the court, and the public of losing a mediation at which each party is physically present.*

▪ Deciding who may skip the mediation is a burden, too. Economy requires simplicity, and simplicity means a rule. *See Adams v. Plaza Finance Co., Inc.*, 168 F.3d 932, 939 (7th Cir.1999) (Easterbrook, J., dissenting) ("the cost of standards is—cost. It is more expensive to apply and litigate about standards than to apply rules"). Accordingly, a party must attend the mediation unless the party can resoundingly argue an extraordinary circumstance. A close call ends with attendance, and a party cannot escape the efficient application of the rule with an unsupported "trump"—a difficulty that sounds superficially forbidding but that remains conveniently vague and unelaborated. Rather than engage the demanding rule, the Hartford attempts a "trump" and assumes a "significant burden" without providing the necessary underlying inferences. But the litigation manager's difficulty performing her job responsibility was foreseeable long before the Hartford submitted the motion. The Hartford never explains why no other litigation manager prepared for the mediation. (The Hartford fails also to explain why the current litigation manager's brief absence from home to attend the mediation is not manageable, for example, with

---

* Comparing disparate "burdens"—for instance the public's burden and a person's burden—is imprecise, and comparing the strength of individuals' feeling of burden is theoretically impossible. *See* L. Robbins, *An Essay on the* *Nature & Significance of Economic Science* Ch. VI (1932). However, like the also rough and imperfect Hand Formula, a test that gauges the overall gain and loss of mediation attendance serves as a useful ideal.

the childcare assistance of a parent or spouse or friend.)

The cost of traveling from Connecticut is, of course, a common and "ordinary" burden of mediating. A company that operates in Florida should anticipate litigation in Florida, and mediation is a standard component of modern litigation. To attend the mediation by phone, a company must proffer a compelling reason why the company possesses the resources to conduct business in Florida but lacks the resources to mediate in Florida. Because mediation saves resources by often preventing more litigation, few compelling reasons to miss a mediation based on expense are imaginable. The Hartford provides none.

The Hartford's lack of effort addressing these issues is another sign that the Hartford aims to gain a convenience rather than to avoid a "significant burden."

The motion (Doc. 11) is **DENIED.**