# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1357

_____

Hikmet Ozeroglu, individually, as Co-
Plaintiff Ad Litem for the unborn child
of Nural Hatice Ozeroglu-Ramirez,
deceased, and in his capacity as Admin-
istrator of the Estate of Nural Hatice
Ozeroglu-Ramirez, deceased; Ayfer
Ozeroglu, individually and as Co-
Plaintiff Ad Litem for the unborn child
of Nural Hatice Ozeroglu-Ramirez,
deceased,

        Plaintiffs - Appellees,

    v.

Hershewe Law Firm, P.C., a Missouri
Professional Corporation,

        Defendant - Appellant,

Daniel E. Hamann,

        Defendant - Appellee,

Edward J. Hershewe,

        Defendant - Appellant,

John Doe, sued as Doe Defendants
1 through 10,

        Defendant.

\*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: November 16, 2011
Filed:  February 9, 2012
_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

The Hershewe Law Firm ("the firm") represented the Ozeroglus in a wrongful death action. The Ozeroglus later sued the firm because of a fee dispute stemming from the prior case. Daniel Hamann represented the firm in the suit brought by the Ozeroglus. After declaring a mistrial stemming from Hamann's failure to produce documents, the district court[1] awarded sanctions against Hamann and his client, the firm. On appeal, the firm argues that the district court erred by imposing sanctions on it and not solely on its attorney. We affirm.

## I. *Background*

After receiving a settlement from a wrongful death suit, the Ozeroglus, a former client of the Hershewe Law Firm, sued the firm for allegedly overcharging them. In 2008, during discovery in defense of the Ozeroglus' suit, the firm gave several boxes of financial documents to its lawyer, Daniel Hamann. Hamann did not disclose these documents to the Ozeroglus prior to trial. At trial in March of 2010, Hamann attempted to use information from the undisclosed documents during his cross-examination. The Ozeroglus objected, arguing that the firm failed to produce these financial documents as required. After discussing the importance of the financial information with counsel, the district court declared a mistrial.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

The Ozeroglus then moved for sanctions and costs associated with the mistrial. The district court granted their motion — ruling that the firm caused the mistrial. The firm filed a motion to reconsider, arguing that Hamann had possessed the documents since 2008 and that he was the sole cause of the documents' nonproduction. Thus, the firm argued that Hamann should bear the entire burden of the sanctions. After reviewing the motion to reconsider, the district court ruled that Hamann was two-thirds responsible for the nonproduction of the documents and that the firm was one-third responsible. The firm appeals this determination.

## II. *Discussion*

"We review sanction orders under the abuse of discretion standard." *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594 (8th Cir. 2001).

The firm only challenges the distribution of the sanctions and not the sanctions themselves. It argues that Hamann alone caused the nonproduction of the documents and therefore Hamann alone should bear the sanctions' burden. Supporting its argument, the firm cites *Mulvaney v. Rivair Flying Services., Inc. (In re Baker)*, 744 F2d 1438, 1442 (10th Cir. 1984) (en banc) (reasoning that "[i]f the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged"). Yet, this circuit has already rejected a similar argument. *See Nick*, 270 F.3d at 596–97.

"It is a well-established principle in this Circuit that a party may be held responsible for the actions of its counsel." *Id.* at 596. "It is of no consequence when the abuses are perpetrated by counsel, rather than the client." *Id.* "While forcing parties to answer for their attorneys' behavior may seem harsh, as this court noted in *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997), litigants who are truly misled and victimized by their attorneys have recourse in malpractice actions." *Nick*, 270 F.3d at 596–97 (footnote omitted).

Because the firm only challenges the distribution of the sanctions, rather than the sanctions themselves, we address only the sanctions distribution. We hold that the district court did not abuse its discretion in assigning a portion of the sanctions to the firm rather than solely on its counsel.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____