# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2908

_____

Joyce Ann Chuchian Martin,        *
                                  *
            Appellant,            *
                                  *   Appeal from the United States
      v.                          *   District Court for the
                                  *   Eastern District of Missouri.
DaimlerChrysler Corporation,      *
                                  *
            Appellee.             *

_____

Submitted:  April 12, 2001
    Filed:    June 4, 2001

_____

Before HANSEN, MAGILL, and MURPHY, Circuit Judges.

_____

MAGILL, Circuit Judge.

Joyce Martin brought this Title VII action against her employer, DaimlerChrysler Corporation. The district court, finding that Martin had committed severe discovery abuses, dismissed her claims with prejudice and taxed costs against Martin. Martin appeals the dismissal of her claims and asks this court to vacate the award of costs. We affirm.

## I.

Martin was a resident engineer at DaimlerChrysler's Assembly Plant in Fenton,

Missouri. Martin received poor performance reviews for two consecutive years and was terminated by DaimlerChrysler in June 1998. DaimlerChrysler's stated reasons for terminating Martin were poor performance and attendance. In November 1998, Martin sued DaimlerChrysler, alleging hostile work environment sexual harassment, sex discrimination, and retaliation, all in violation of Title VII. In her complaint, Martin alleged that she had suffered mental and emotional distress as a result of DaimlerChrysler's conduct.

DaimlerChrysler served written discovery, interrogatories, and requests for documents on Martin, and took her deposition over the course of six days. In her deposition, Martin twice testified that she had never been a party to another lawsuit, specifically denying that she had been involved in any litigation while at her previous job at American Airlines. DaimlerChrysler subsequently learned that Martin had sued American Airlines in Oklahoma state court and in the Northern District of Oklahoma for sexual harassment, discrimination, and wrongful termination. Martin had retained several different attorneys to represent her in the Oklahoma lawsuits, and appeared in person at a case management conference in the federal court lawsuit.

DaimlerChrysler's interrogatories asked Martin to "[i]dentify each and every physician, psychiatrist, psychologist, counselor, therapist, or other mental health provider who [had] treated [her] with respect to any alleged emotional distress, anxiety, stress, embarassment, humiliation, pain and suffering or any alleged damages and injuries [she] claim[ed] in [her] Complaint to have suffered." In response, Martin listed two doctors in St. Louis, as well as "numerous phsyicians/counselors" at St. Anthony's Medical Center, also in St. Louis. In its next interrogatory, DaimlerChrysler asked Martin to "[i]dentify each and every physician, psychiatrist, psychologist, counselor, therapist, or other mental health provider who [had] ever treated [her] with respect to any mental, psychological, psychiatric or emotional condition or complaint." Martin replied by referring to her answer to the previous interrogatory.

In deposing Martin, DaimlerChrysler posed the following questions and received the following answers:

Q: Now, at any time in your past, have you ever been treated by any type of health care professional or counselor for any emotional distress or other problems?

A: No.

Q: Have you ever seen any health care provider or counselor for any mental stress or disorders?

A: No.

* * * *

Q: So other than this Dr. Reese that you are referring to, and the three doctors or health care providers identified on page 8 of Exhibit 58, you have not seen any other health care providers or counselors for any reason, is that correct?

A: Not that I remember. I may have gone to a hospital once or twice, I don't know, you know, when I was sick, but that's about it.

Martin's responses to interrogatories and deposition questions provided only the names of health care providers she had seen since moving from Oklahoma to St. Louis. However, her medical records from those providers indicated that she had received additional counseling in Oklahoma, following her divorce. Furthermore, the pleadings from Martin's divorce and custody proceedings revealed that she had been examined and counseled by numerous health care professionals during the course of those proceedings.

Based on Martin's false discovery responses, DaimlerChrysler filed a motion for

sanctions, seeking to dismiss Martin's complaint. At the hearing on DaimlerChrysler's motion, Martin admitted she had spoken to one of her Oklahoma attorneys, but had foggy or no recollections of the other two, and of her appearance at the case management conference. She repeatedly claimed she had no knowledge of or involvement in the Oklahoma lawsuits. The district court found that Martin had "willfully withheld information directly responsive to DaimlerChrysler's interrogatory and deposition questions concerning prior treatment by mental health care providers" and "failed to disclose her lawsuits against her former employer." Because of these discovery abuses, the court dismissed Martin's claims with prejudice and entered judgment for DaimlerChrysler.

DaimlerChrysler timely filed its verified Bill of Costs, as required by the local rules, as well as a "Motion for Attorneys' Fees and other Sanctions," pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and the district court's inherent powers. Martin responded to DaimlerChrysler's motion, but filed no objections to DaimlerChrysler's Bill of Costs. The district court taxed $25,641.64 in costs against Martin, but denied DaimlerChrysler's motion for attorneys' fees. Martin appeals the district court's dismissal of her claims and taxation of costs.

## II.

We review sanctions imposed under either Rule 37 of the Federal Rules of Civil Procedure or the inherent powers of the district court for abuse of discretion. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000). We review the sanction of dismissal more closely because "'[i]n our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied.'" Chrysler Corp. v. Carey, 186 F.3d 1016, 1020 (8th Cir. 1999) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). However, if dismissal "lies within the spectrum of appropriate sanctions, we will not substitute our own judgment for that of the district court even though we may have chosen a different sanction had we been

standing in the shoes of the trial court." Cf. Carey, 186 F.3d at 1020 (upholding the district court's grant of a default judgment).

Martin asserts that the district court erred in dismissing her lawsuit for her failure to disclose (1) the Oklahoma lawsuits and (2) the counselors and health care professionals who saw her in connection with her divorce and child custody proceedings. We disagree. When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court. Pope v. Federal Express Corp., 974 F.2d 982, 984 (8th Cir. 1992). This court has held that striking a party's pleadings, thereby resulting in a default judgment, is within the range of appropriate sanctions when a party engages in a pattern of deceit by presenting false and misleading testimony under oath. Carey, 186 F.3d at 1021. Similarly, we have affirmed the district court's dismissal of a Title VII action where the plaintiff introduced manufactured evidence and perjured testimony in an attempt to enhance the case through fraudulent conduct. Pope, 947 F.2d at 985.

Nevertheless, Martin argues that her nondisclosure of the Oklahoma lawsuits did not allow the district court to dismiss her case, because the nondisclosure did not "go to the heart of" her claims in this lawsuit, citing Shepherd v. American Broadcasting Cos., 62 F.3d 1469 (D.C. Cir. 1995). Although Shepherd did reverse a district court's dismissal of a lawsuit for discovery abuses, noting that the alleged alteration "did not go to the heart of plaintiff's case," the court based its holding upon the district court's failure to find (1) clear and convincing evidence that the misconduct occurred and (2) that a lesser sanction would not sufficiently punish and deter the abusive conduct while allowing a full and fair trial on the merits. Id. at 1480. In this case, the district court specifically made the required findings. The court conducted a hearing in which Martin was given the opportunity to address each of DaimlerChrysler's contentions. Martin's admissions in that hearing, as well as her unconvincing and contradictory responses, provided ample basis for the district court's findings. In its order dismissing Martin's claims, the district court found by clear and convincing evidence that Martin gave

perjurious answers during her deposition and in her interrogatory responses. The district court also found that dismissal was the only sanction that would effectively punish Martin, lessen the prejudice to DaimlerChrysler, and protect the integrity of the proceeding. The district court made every effort to satisfy the stringent requirements for use of dismissal as a discovery sanction, providing a specific, reasoned explanation for rejecting lesser sanctions. Accordingly, we find that the court did not abuse its discretion in dismissing Martin's suit as a sanction for her repeated perjury.

Martin also asserts that her failure to disclose the counselors and health care professional who saw her in connection with her divorce and child custody proceedings did not form a proper basis for dismissal of her suit. Martin contends that DaimlerChrysler's definition of "health care provider" as used in its interrogatories and depositions led Martin to believe that the experts who evaluated her during the divorce proceedings did not qualify. However, each of DaimlerChrysler's interrogatories on this subject contained a list of the various types of individuals about whom it sought to inquire, namely "each and every physician, psychiatrist, psychologist, counselor, therapist, or other mental health care provider" who had treated Martin. Furthermore, each of DaimlerChrysler's deposition questions asked about "health care provider[s] or **counselor[s]**" Martin had seen. (emphasis added). In fact, DaimlerChrysler's final deposition question on this subject could not have been more clear; it asked Martin to confirm that she "[had] not seen any other health care providers or counselors **for any reason**. . . . " (emphasis added). In light of the broad range of counselors and mental health professionals encompassed by DaimlerChrysler's questions, and the similarly broad language of its inquiries, Martin's argument that she failed to understand that she was required to disclose the counselors who examined her in the course of her divorce proceedings is entirely without merit. Therefore, in imposing sanctions, the district court properly relied both on Martin's misrepresentations regarding the Oklahoma lawsuits and her failure to disclose the counselors and health care professionals who saw her in connection with her divorce and child custody proceedings.

## III.

We review the district court's decision to award costs for abuse of discretion. Greaser v. Missouri Dep't of Corr., 145 F.3d 979, 985 (8th Cir.), cert. denied, 525 U.S. 1056 (1998). Martin asserts that the district court erred in taxing costs against her, contending that the court premised its award of costs upon an erroneous belief that Martin had made no objection to DaimlerChrysler's Bill of Costs. Martin's contention is without merit for two reasons: first, she filed no objections to the Bill of Costs and, second, even had she filed timely objections, she would not have prevailed.

First, Martin argues that her response to DaimlerChrysler's motion for attorneys' fees and other sanctions constituted a response to the Bill of Costs. However, both her response and motion in support specifically oppose "DaimlerChrysler's Motion for Attorneys' Fees and Other Sanctions Pursuant to Rule 11 FRCP, 28 U.S.C. § 1927, and the Court's Inherent Authority." Awards of costs are governed by Eastern District of Missouri Local Rule 54-8.03, which states, in pertinent part: "Each party objecting to a bill of costs shall file, within fourteen (14) days of being served, a memorandum stating specific objections." E.D. Mo. L.R. 54-8.03(A). Nowhere in her memorandum in response to the motion for attorneys' fees does Martin address DaimlerChrysler's independent request for taxable costs, or make the specific objections required by Local Rule 54-8.03(A).

Second, even had Martin timely objected to DaimlerChrysler's Bill of Costs, she would not have prevailed. She argues that the award of costs was an abuse of discretion because, in denying DaimlerChrysler's motion for attorneys' fees and other sanctions, the district court found that further sanctions (beyond dismissal) were not warranted. However, this argument fails, because the costs taxed were not a further sanction. The Federal Rules of Civil Procedure provide that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). Rule 54 represents a "codification of the 'presumption

that the prevailing party is entitled to costs.'" Greaser, 145 F.3d at 985 (citation omitted). To avoid taxation of costs, Martin was required to overcome this presumption. She has presented no argument that would overcome the presumptive award of costs. Therefore, we hold that the district court did not abuse its discretion in taxing costs against Martin.

## IV.

For the foregoing reasons, we AFFIRM the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.