

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-17-2003

# Lichtman v. Zelenkofske Axelrod

Precedential or Non-Precedential: Non-Precedential

Docket 01-3508

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lichtman v. Zelenkofske Axelrod" (2003). *2003 Decisions.* Paper 876.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/876

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 01-3508

JOAN LICHTMAN,
Appellant

v.

ZELENKOFSKE AXELROD & CO., LTD.

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 98-cv-06555)
District Court: Hon. Charles R. Weiner

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2002

Before: NYGAARD, ALITO and McKEE, Circuit Judges.

_____

(Filed: January 17, 2003)
_____

OPINION
_____

McKEE, Circuit Judge.

Joan Lichtman has appealed from the district court's order granting costs, including

attorneys' fees, to Zelenkofske, Axelrod & Co., Ltd. ("ZA"). For the reason that follows,

we will affirm.

**I.**

Lichtman filed a *pro se* complaint in the Court of Common Pleas of Philadelphia County pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., alleging that ZA refused to hire her because she has arthritis. ZA removed the action to the district court pursuant to 28 U.S.C. § 1441. Following a three day trial, the jury returned a verdict in favor of ZA. The district court denied Lichtman's post-trial motions. She filed an appeal, but on May 22, 2001, we dismissed it as untimely under Fed.R.App.P. 4(a)(1).

However, prior to our disposition of the appeal, ZA filed a petition for costs, including attorneys' fees, arguing that it was entitled to costs pursuant to Fed.R.Civ.P. 68 because it made an offer of judgment to Lichtman pursuant to Rule 68, which offer she refused. Because of Lichtman's pending appeal, the district court denied ZA's petition with leave to renew it after the appeal was resolved. After we dismissed Lichtman's appeal, ZA filed an amended petition for costs.

ZA's amended petition for costs was filed on August 3, 2001 and was served on Lichtman that same day. When Lichtman had filed no response or request for an enlargement of time by September 6, 2001, the district court granted ZA's petition in the amount of $41,879.12. The district court's order noted that it was being entered for lack of response by Lichtman.

Lichtman filed this appeal from the district court's September 6, 2001 order granting costs to ZA.

**II.**

2

Lichtman devotes substantial ink, paper, and time to attempting to persuade us that ZA's petition for costs should not have been granted on the merits. However, she has offered absolutely no explanation of how the district court abused its discretion by granting ZA's petition for costs based upon her failure to respond to it. Under Local Rule 7.1 of the United States District Court for the Eastern District of Pennsylvania, Lichtman's response to ZA's amended petition was due to be served within fourteen days of service after the amended petition was served on her. She failed to respond within that time. Nonetheless, the district court waited for more than a month before it granted ZA's motion in default of response. Clearly, there is no abuse of discretion here, and Lichtman's argument to the contrary is frivolous.[1] *See Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001) (court of appeals upheld district court's decision to award costs in default of response to petition for award of costs).

**III.**

---

[1]We review the district court's entry of a judgment by default for abuse of discretion, *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912 (3d Cir. 1992). We apply the same standard to its decision to award costs. *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691 (8th Cir. 2001).

3

For the above reason, we will affirm the district court.[2]

/s/ Theodore A. McKee
Circuit Judge

---

[2]Lichtman also spends substantial time explaining why ZA should not have been granted fees as the prevailing party under Title VII, the ADA, ERISA and other statutes.  However, she ignores the fact that the petition for costs was granted under Fed.R.Civ.P. 68 and not under any fee-shifting statute.