# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1043

_____

Dr. Mumbi Mwangi

*Plaintiff - Appellant*

v.

Dale Braegelmann; Susan Pladson,
doing business as Prudential Pladson Realty

*Defendants - Appellees*

_____

No. 12-1317

_____

Dr. Mumbi Mwangi

*Plaintiff - Appellee*

v.

Dale Braegelmann

*Defendant - Appellant*

Susan Pladson, doing business as
Prudential Pladson Realty

*Defendant*

_____

No. 12-1934
_____

Dr. Mumbi Mwangi

*Plaintiff - Appellant*

v.

Dale Braegelmann; Susan Pladson, doing business as Prudential Pladson Realty

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: March 13, 2013
Filed: May 8, 2013
_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Dr. Mumbi Mwangi brought suit against real estate agents Dale Braegelmann and Susan Pladson, alleging race discrimination in violation of 42 U.S.C. §§ 1981 and 1982. Following a jury trial resulting in a hung jury, the district court[1] granted Braegelmann's motion for judgment as a matter of law, denied each party's motion

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, sitting as visiting judge in the District of Minnesota.

for sanctions against the other, and granted Braegelmann's request for an extension of time in which to file a cross-appeal. We affirm.

I

Dr. Mumbi Mwangi is an African-American female from Kenya with United States permanent resident status. Mwangi lives in St. Cloud, Minnesota, and is a professor in the Department of Women's Studies at St. Cloud State University. On or about September 9, 2006, Mwangi called Dale Braegelmann, an independent real estate agent for Prudential Pladson Realty ("Prudential"), to view a house. Mwangi speaks with a heavy accent and has a non-European name. Over the phone, Braegelmann repeatedly asked Mwangi to say and spell her name, asked for the name of her banker and the types of accounts she maintained, and whether she had been pre-approved by a lender. When Mwangi told Braegelmann that she had not, he refused to show her the house, saying that to do so would be a waste of his time. Ultimately, Mwangi found another realtor who agreed to show her the house without pre-approval for financing.

Believing Braegelmann had refused to show her the house because of her race, Mwangi filed a complaint with the City of St. Cloud Human Rights Office. The Human Rights Office had Silvia Ferraretto, an American-born employee who spoke without an accent, call Braegelmann and request to see the same house on behalf of her daughter. Without asking about pre-approval or bank account information, Braegelmann informed Ferraretto that an associate would call her back. The following day, Braegelmann's associate, Linda McCarney, called Ferraretto and invited her to visit Prudential's website to identify homes she would be interested in touring. She also recommended that Ferraretto's daughter contact a lending institution to ensure the homes they visited would be in her price range. Based on these circumstances, the Minnesota Department of Human Rights determined that probable

cause existed to believe Braegelmann had engaged in an unfair discriminatory practice.

On November 30, 2009, Mwangi filed suit against Braegelmann and Prudential's owner, Susan Pladson, in the District of Minnesota, alleging violations of 42 U.S.C. §§ 1981 and 1982. Braegelmann and Pladson's motion for summary judgment was denied, and the case proceeded to trial before a jury on August 29 and 30, 2011. At the close of Mwangi's case-in-chief, the district court dismissed Pladson from the case, finding the imposition of vicarious liability for Braegelmann's allegedly discriminatory actions would be improper. Ultimately, the jury was unable to reach a unanimous verdict and, on September 6, 2011, the district court declared a mistrial. On September 27, 2011, Braegelmann filed a renewed motion for judgment as a matter of law. The district court granted Braegelmann's motion on December 16, 2011, over Mwangi's objection. Mwangi and Braegelmann also filed cross-motions for sanctions against one another's attorneys, which the district court denied. Finally, the district court granted Braegelmann an extension of time in which to file his cross-appeal, which Mwangi also opposed. These appeals and cross-appeal followed.

II

On appeal, Mwangi challenges the district court's grant of judgment as a matter of law in favor of Braegelmann and dismissal of defendant Susan Pladson from the case. Both Mwangi and Braegelmann challenge the district court's refusal to impose sanctions against the other. Finally, Mwangi challenges the district court's decision to grant Braegelmann additional time in which to file his appeal.

A.    Mwangi's § 1981 and § 1982 Claims

This court reviews a grant of judgment as a matter of law de novo, applying the same standard as the district court. Douglas Cnty. Bank & Trust Co. v. United Fin.

Inc., 207 F.3d 473, 477 (8th Cir. 2000).  Judgment as a matter of law should not be granted unless "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1).  "In applying this standard, we must draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence."  Arabian Agric. Servs. Co. v. Chief Indus., Inc., 309 F.3d 479, 482 (8th Cir. 2002) (internal quotation marks and citation omitted).

Before addressing the merits of Mwangi's claims, some threshold issues regarding the propriety of those claims bear discussion.  Section 1981 prohibits discrimination in the making and enforcement of private contracts, and § 1982 prohibits racial discrimination in the sale or rental of real or personal property.  See 42 U.S.C. §§ 1981, 1982.  As a resident alien, Mwangi has standing to sue under 42 U.S.C. § 1981, which protects the rights of "all persons within the jurisdiction of the United States."  Section 1982, however, protects the rights of all "*citizens* of the United States" in their pursuits "to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982 (emphasis added).  Because Mwangi is not a U.S. citizen, she has no standing to sue under § 1982.

Turning to Mwangi's § 1981 claim, "[o]ur court has identified several elements to a claim under § 1981, which we divide into four parts for analysis:  (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant."  Gregory v. Dillard's, Inc., 565 F.3d 464, 469 (8th Cir. 2009).  Having carefully reviewed the record, we conclude the district court was correct to grant Braegelmann's motion for judgment as a matter of law.  Although Mwangi was clearly a member of a protected class, she cannot demonstrate discriminatory intent on Braegelmann's part or that she was engaged in a protected activity.

With respect to Braegelmann's refusal to show Mwangi the home, Braegelmann testified it is his standard practice to ask potential buyers up front about their pre-approval status before offering to show them a home. Moreover, the sellers of the home at issue testified they had explicitly instructed Braegelmann to show the property only to pre-approved potential buyers. Although Mwangi offers Ferraretto's experience as evidence of pretext, the district court correctly found that neither Braegelmann nor McCarney actually offered to show Ferraretto a home. Indeed, McCarney even inquired as to Ferraretto's financing status and suggested she determine her daughter's budget before viewing any homes. Thus, Mwangi has failed to present evidence of discriminatory intent on the part of Braegelmann sufficient to create a prima facie case under § 1981.

With respect to Mwangi's engagement in a protected activity, "a plaintiff alleging interference with the creation of a contractual relationship in the retail context must demonstrate that he or she 'actively sought to enter into a contract with the retailer,' and made a 'tangible attempt to contract.'" Id. (quoting Green v. Dillard's, Inc., 483 F.3d 533, 538 (8th Cir. 2007)). Mwangi argues this element is met because she "set out to buy a home . . . in St. Cloud" and Braegelmann "refused to show her a home . . . offered for sell [sic] to the general public." Braegelmann argues, in turn, that because Mwangi was not qualified to enter into the contract, she cannot claim she was illegally prevented from doing so. We agree.[2] See, e.g., Mencer v. Princeton

_____

[2]Mwangi urges us to construe this case as a "refusal to negotiate" rather than a "refusal to rent/sell," in which case she contends a prospective buyer need not demonstrate she was qualified to enter into a contract. In support, she cites Joplin v. Missouri Comm'n on Human Rights, 642 S.W.2d 370, 373 (Mo. App. 1982) ("The refusal to rent requires both a bona fide offer and that the offer be made by a qualified person but neither is required for a refusal to negotiate."). However, even Joplin goes on to hold that a landlord "ha[s] a duty to at least discuss the rental with [plaintiff] to see if she was qualified." Id. Here, Braegelmann did exactly that and determined Mwangi was not qualified. Accordingly, even accepting Mwangi's argument that we should construe this case as a refusal to negotiate, her failure to qualify for purchase

Square Apartments, 228 F.3d 631, 635 (6th Cir. 2000) (holding prima facie case of discrimination under § 1981 requires proof that plaintiff "applied for and was qualified to rent or purchase certain property or housing"); cf. Smith v. Anchor Bldg. Corp., 536 F.2d 231, 233 (8th Cir. 1976) ("[W]here a black rental applicant meets the objective requirements of a landlord, and the rental would likely have been consummated were he or she a white applicant, a prima facie inference of discrimination arises as a matter of law."). The district court was, thus, correct to grant Braegelmann's motion for judgment as a matter of law on Mwangi's §§ 1981 and 1982 claims.

B.      Dismissal of Pladson

Mwangi next argues the district court erred in dismissing Prudential's owner Susan Pladson from the case. At trial, Mwangi admitted Pladson had done nothing to her personally and, in fact, she had never met or dealt with Pladson. She named Pladson as a defendant merely because "[s]he owns the agency in which Dale Braegelmann functions." Trial Tr. 57. When asked by the court what evidence he could produce to suggest Pladson approved of Braegelmann's conduct, Mwangi's attorney Chinedu Nwaneri answered, "Well, they are in the same company and this is what they have been doing joint together." Id. at 128. Finding insufficient evidence to justify the imposition of vicarious liability on a claim of intentional discrimination, the district court dismissed Pladson from the case. We find no error in this determination. See Daniels v. Dillard's, Inc., 373 F.3d 885, 888 n.4 (8th Cir. 2004) ("Liability under §§ 1981 . . . requires a showing of intentional discrimination, which is seemingly incompatible with respondeat superior principles." (internal citation omitted)); cf. Green, 483 F.3d at 540-41 (permitting application of respondeat superior principles where principal's own negligence contributed to agent's violation of

of the home bars recovery under § 1981.

§ 1981).  Moreover, Mwangi's failure to establish a discrimination claim against Braegelmann necessarily terminates any liability on the part of Pladson.

C.     Imposition of Sanctions

After the district court declared a mistrial, each party sought sanctions against the other's attorney(s).  The district court denied their motions, and both parties now appeal.  We review a district court's decision regarding imposition of sanctions for an abuse of discretion.  See Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001).  Finding none, we uphold the district court's refusal to impose sanctions.

D.     Timeliness of Braegelmann's Cross-Appeal

Finally, Mwangi argues the district court erred in granting Braegelmann's motion for an extension of time in which to file his cross-appeal.  We review this decision for an abuse of discretion.  See Gibbons v. United States, 317 F.3d 852, 853–54 (8th Cir. 2003).  Having carefully reviewed the record, we find no abuse of discretion in the district court's decision to grant Braegelmann additional time in which to file his cross-appeal.

III

For the foregoing reasons, the judgment of the district court is affirmed.

_____