# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1700

_____

| | | |
|---|---|---|
| Michael Bearden, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Dudley Lemon, individually and in | * | |
| his official capacity as the Sheriff of | * | |
| Cleburne County, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 20, 2006
Filed: February 2, 2007

_____

Before MELLOY, BENTON and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Michael Bearden, a former deputy of the Cleburne County, Arkansas, Sheriff's Department, sued Cleburne County Sheriff Dudley Lemon for reinstatement and damages under 42 U.S.C. § 1983 and under two state law theories. Lemon moved for summary judgment on several grounds including qualified immunity. The district court[1] granted summary judgment as to one of Bearden's state law claims, denied

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

summary judgment as to the remaining state law claim, and denied qualified immunity with respect to Bearden's claim under 42 U.S.C. § 1983. Lemon now brings this interlocutory appeal of the district court's denial of qualified immunity. For the reasons set forth below, we affirm.

I.

The facts, as found by the district court, are as follows. Bearden was employed as a jailer and then as a patrol deputy by the Cleburne County Sheriff's Department from June 2000 until his termination in December 2004. During Lemon's 2004 campaign for re-election as county sheriff, it was reported to Lemon that Bearden was telling the public that Lemon had a policy against making arrests for Driving While Intoxicated ("DWI") violations, that Lemon had in fact instructed Bearden not make DWI arrests, and that Lemon had a policy against prosecuting DWI charges. The fact that Bearden made these public statements was at least one of the reasons that Lemon terminated Bearden's employment.

Lemon denied that he had a policy against the making of DWI arrests or against the prosecution of DWI charges; however, in 2004 Lemon threatened Bearden's continued employment because of the DWI arrests Bearden had made. Further, during Bearden's tenure, Lemon instructed Bearden to seek the dismissal of two DWI cases, and Bearden complied with these instructions by arranging with the local prosecutor to have the DWI charges dismissed. Finally, Lemon arranged for the dismissal of a third DWI case which arose from one of Bearden's arrests.

Lemon terminated Bearden's employment by a written termination notice delivered to Bearden on December 27, 2004. The notice stated that Bearden was discharged because he was overzealous in issuing traffic citations, citizens had complained to Lemon that Bearden was spending too much time at a local convenience store, and Bearden was patrolling the city of Heber Springs rather than

patrolling the county. The termination was upheld by the County Grievance Committee.

Bearden filed a complaint in the district court alleging that he was terminated in retaliation for exercising his First Amendment right to free speech, i.e., speaking out about Lemon's policy of not making or prosecuting DWI arrests. The district court denied summary judgment on the issue of qualified immunity finding that the constitutional right allegedly violated was clearly established and that an issue of fact remained as to whether Bearden's public statements were truthful or intentionally false. Pickering v. Bd. of Educ., 391 U.S. 563, 574 (1968) (holding that, absent proof of false statement knowingly or recklessly made, a public employee's exercise of the right to speak on issues of public importance may not furnish the basis for dismissal from public employment).

II.

Although a denial of summary judgment is not generally reviewable on immediate appeal, a district court's denial of summary judgment based on a public official's claim of qualified immunity may be appealed immediately. Sexton v. Martin, 210 F.3d 905, 909 (8th Cir. 2000). In considering such an appeal, the district court's denial of summary judgment is reviewed *de novo* and the evidence is viewed in the light most favorable to the nonmoving party. Collins v. Bellinghausen, 153 F.3d 591, 595 (8th Cir. 1998).

The qualified immunity determination involves a now familiar two-step process. First, we ask whether, "[t]aken in the light most favorable to the party asserting injury, . . . the facts alleged show the [defendant's] conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, we move to the second inquiry, whether the constitutional right was clearly established at the time the plaintiff was discharged. Id. To be clearly established, "[t]he contours of the right

-3-

must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Further, "[t]his court has . . . taken a broad view of what constitutes 'clearly established law' for the purposes of a qualified immunity inquiry . . . . Sexton 210 F.3d at 909 (quoting Boswell v. Sherburne County, 849 F.2d 1117, 1121 (8th Cir. 1988)). "[I]f the law claimed to have been violated was clearly established, the qualified immunity defense ordinarily fails, 'since a reasonably competent public official should know the law governing his conduct.'" Id. at 910 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982)).

Bearden alleges in this action that he was discharged by Lemon in retaliation for his exercise of the right to free speech, and, for purposes of the qualified immunity inquiry, the district court found that Bearden's speech was a basis for the termination. The right not to be terminated for such speech has been clearly established for some time. See Hartman v. Moore, 126 S.Ct. 1695, 1701 (2006) ("[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out . . . .") (citations omitted); Rankin v. McPherson, 483 U.S. 378, 383 (1987) ("[I]t is clearly established that a State may not discharge an employee on a basis that infringes on that employee's constitutionally protected interest in freedom of speech.") (citations omitted).

Rather than argue that Bearden's speech was not protected or that Bearden's right to free speech was not clearly established, Lemon asks this court to determine that he is entitled to qualified immunity because he has proven by a preponderance of the evidence that Lemon was terminated for reasons related to his job performance. Mt. Healthy v. Doyle, 429 U.S. 274 (1977) (holding that where an employee makes a prima facie showing of retaliation based on protected conduct, the burden shifts to the employer to show, by a preponderance of the evidence, that the same action would have been taken even in the absence of the protected conduct).

First, the district court did not rule on this issue, and "we do not normally consider issues which the district court did not rule upon." First Union Nat'l Bank v. Pictet Overseas Trust Corp., 351 F.3d 810, 816 (8th Cir. 2003); see also Singleton v. Wolff, 428 U.S. 106, 120 (1976) (finding that, as a general rule, a federal appellate court does not consider an issue not passed upon below); Sanders v. Clemco Indus., 823 F.2d 214, 217 (8th Cir. 1987) (recognizing that a federal appellate court generally does not consider issues not decided by the district court).

Second, we do not possess jurisdiction to determine the issue presented by Lemon. In considering the immediate appeal from the denial of qualified immunity, "'the appealable issue is a purely legal one, whether the facts alleged . . . support a claim of violation of clearly established law.'" Johnson v. Jones, 515 U.S. 304, 313 (1995) (quoting Mitchell v. Forsyth, 472 U.S. 511, 528 n.9 (1985)); see also Behrens v. Pelletier, 516 U.S. 299, 313 (1996) ("Johnson reaffirmed that summary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity . . . typically, the issue whether the federal right allegedly infringed was 'clearly established.'") (internal citation omitted); Powell v. Johnson, 405 F.3d 652, 655 (8th Cir. 2005) (stating that a review of the denial of qualified immunity "concerns only issues of law"); Wilson v. Lawrence County, Mo., 260 F.3d 946, 951 (8th Cir. 2001) ("Denials of summary judgment based on qualified immunity are appealable to the extent the appeal seeks review of the purely legal determinations made by the district court."). In this review, "we may not assume any fact asserted [by the appellant] which the district court has deemed to be genuinely disputed." Crow v. Montgomery, 403 F.3d 598, 601 (8th Cir. 2005). Where, as here, the appellant asks this court to determine "whether or not the pretrial record sets forth a genuine issue of fact for trial, we . . . have no jurisdiction over the appeal." Wilson, 260 F.3d at 951 (quoting Johnson, 515 U.S. at 319-20); see also Powell, 405 F.3d at 655 (holding that, on interlocutory appeal from denial of qualified immunity, appellate court lacks jurisdiction over appellee's claim that public

employee appellant would have been demoted for a legitimate job related reason notwithstanding the employee's protected activity).

At the very least, the district court found that a genuine issue of fact exists as to whether Bearden's protected speech was the motivating reason behind his discharge. Accordingly, the issue of whether Lemon has "proven" that he would have terminated Bearden for a legitimate reason related to his job performance regardless of Bearden's exercise of any protected First Amendment rights is beyond the jurisdiction of this court in this appeal. Johnson, 515 U.S. at 313 ("[A] question of 'evidence sufficiency,' i.e., which facts a party may, or may not, be able to prove at trial . . . is not appealable.").

## III.

In his reply brief, Lemon asserts the additional claim that Bearden "had no clearly established right to First Amendment protection for his alleged speech in this case since his alleged protected activities were done pursuant to his official job duties." (Reply Brief of Appellant, p. 8). This claim was not argued in Lemon's brief in chief and, therefore, we will not consider the argument as "[i]t is well settled that we do not consider arguments raised for the first time in a reply brief." Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 564 n.1 (8th Cir. 2003). Accordingly, Bearden's motion to strike that portion of Lemon's reply brief is granted.

## IV.

We therefore affirm the district court's judgment that Lemon is not entitled to summary judgment on the issue of qualified immunity. Bearden's motion to dismiss this appeal is denied, and the motion to strike a portion of Lemon's reply brief is granted.

---