# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-1301

———————————————

Wesley Eugene Brooks

*Plaintiff - Appellant*

v.

Tom Roy; David Crist; Terry Carlson; Nanette Larson; Bruce Reisner; Douglas
Panser; James Schaffer; Jane Does 1–10

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

——————————

Submitted: December 12, 2014
Filed: January 27, 2015

——————————

Before LOKEN, BRIGHT, and KELLY, Circuit Judges.

——————————

KELLY, Circuit Judge.

Wesley Eugene Brooks is a member of the Shakopee Mdewakanton Sioux
Community and an inmate at the Minnesota Correctional Facility in Faribault,
Minnesota ("MCF-Faribault"). He sued various officials at his prison and alleged that
his required chemical-dependency program conflicted with his religious beliefs. The

district court[1] dismissed some of Brooks's claims and granted summary judgment for the defendants on his other claims. Because we conclude that Brooks's complaint failed to state a claim on which relief may be granted, we affirm the judgment.[2]

## I. Background

Brooks is incarcerated for Minnesota convictions of first-degree DWI and assaulting an officer. Once admitted into the Minnesota Department of Corrections ("MDOC") system, Brooks received a chemical-dependency assessment, as all new inmates are required to have under Minnesota law, and was ordered to complete treatment in order to be transferred to a lower-security prison, qualify for work release, and avoid disciplinary sanctions. Brooks began treatment at MCF-Faribault in November 2011.

In February 2012, Brooks filed a federal complaint under 42 U.S.C. § 1983; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq.; the American Indian Religious Freedom Act ("AIRFA"), 42 U.S.C. § 1996; and the Minnesota Constitution. He claimed that his required chemical-dependency program deprived him of his right to the free exercise of his religion. Brooks named as defendants various MDOC agency heads; the director of psychological services at MCF-Faribault, Douglas Panser; the director of the New Dimensions Chemical Dependency Program (through which Brooks was receiving his treatment), James Schaffer; and various John/Jane Does. Each defendant was sued in her or his official and individual capacities.

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

[2]We have jurisdiction to review this final decision of the district court under 28 U.S.C. § 1291.

According to Brooks, he was placed into a 12-step program at New Dimensions because there is no alternative program at MCF-Faribault for those of a Native American faith. He says that the program "conflicts with his Native American religious faith" because it forces him to "profess beliefs that are inconsistent with his faith, which he does not wish to do." Brooks does not, however, specify his religion or allege which principles of his religion are compromised or unaccommodated at MCF-Faribault. Instead, he requests to participate in what he asserts is a culturally appropriate treatment program available at the Mash-ka-wisen treatment center in Sawyer, Minnesota, which is 191 miles north of MCF-Faribault. Brooks says the defendants denied his request, and he appealed their decision until, he alleges, he had exhausted his administrative remedies.

The defendants responded with a motion to dismiss, Fed. R. Civ. P. 12(b)(6), or alternatively for summary judgment, Fed. R. Civ. P. 56. They asserted that the RLUIPA and AIRFA claims should be dismissed because there is no cause of action available. The defendants also argued that Brooks's complaint fails to state a claim for relief because he did not identify a specific religious belief that had been substantially burdened by the treatment program. Last, the defendants contended that Brooks failed to exhaust his administrative remedies before filing the lawsuit, as required under 42 U.S.C. § 1997e(a).

Brooks responded to the defendants, adding color to his claims. He conceded that his treatment program is not a 12-step program but says it "is similar to" one and that aspects of the program "have a twelve step component." Brooks also conceded that he had not filed a formal grievance or appeal but asserted that he had sent kites (informal messages or letters) to various MDOC officials and thereby created an issue of material fact whether he had exhausted his administrative remedies. Alternatively, Brooks argued that his failure to exhaust should be excused because "Defendants prevented him from doing so" when his counselor and Schaffer told him that no appeal was available from his challenges to treatment decisions. Once again,

however, Brooks did not specify his religion or any component of his religious practice that is unavailable to him at the prison.

After his motion for a temporary restraining order was denied by the district court,[3] a magistrate judge, to whom the case had been assigned, recommended granting the defendants' motion and dismissing the suit. The magistrate judge first agreed that Brooks's RLUIPA and AIRFA claims should be dismissed because those statutes do not allow a private cause of action in these circumstances.

The magistrate judge then considered Brooks's § 1983 claims. The magistrate judge noted that Brooks's various complaints to staff could be seen as challenging various aspects of the chemical-dependency program, including the effect of the program on his religious beliefs. Regardless, the magistrate judge concluded, Brooks had failed to exhaust his remedies: He did not appeal the denial of his request for a transfer, as MDOC 500.308(D) requires; and as he conceded, he never formally grieved the substance of the treatment program, as MDOC 303.100 requires. Nor, the magistrate judge determined, did Brooks present evidence to support his allegation that he was prohibited from exhausting his administrative remedies. The magistrate judge thus recommended dismissing Brooks's federal claims with prejudice and declining jurisdiction over his state-law claim.

The district court construed the magistrate judge's report as recommending dismissal of Brooks's claims under the RLUIPA and AIRFA and recommending summary judgment on his § 1983 claims. Brooks objected to only the conclusions that he had not exhausted his administrative remedies on his § 1983 claims and that supplemental jurisdiction over his state claims was unwarranted. The district court rejected the objections and adopted the recommendation in full.

_____

[3]Brooks appealed that order, but this court dismissed the appeal as moot after Brooks's lawsuit was dismissed by the district court. See Brooks v. Roy, 556 F. App'x 553 (8th Cir. Feb. 26, 2014).

-4-

## II. Discussion

This court reviews a grant of summary judgment de novo and may affirm the judgment of the district court on any basis that the record supports. St. Martin v. City of St. Paul, 680 F.3d 1027, 1032 (8th Cir. 2012). Summary judgment is appropriate when one party has presented no evidence sufficient to create a question of fact with regard to an essential element of that party's claim. Id.

On appeal, Brooks addresses only the district court's grant of summary judgment, which is based on the court's conclusion that Brooks failed to exhaust his administrative remedies. Though we acknowledge the district court's concerns about whether Brooks properly exhausted his administrative remedies, we see a different problem with Brooks's complaint that warrants judgment in favor of the prison officials on Brooks's claims under § 1983.

To state a claim under Federal Rule of Civil Procedure 8(a)(2), the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement is designed "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim under § 1983, a plaintiff in his complaint must include "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (quotation omitted); see Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) (noting that, even under liberal pleading standard, "plaintiff must allege facts . . . that, if true, would support the existence of the claimed torts").

In reviewing Brooks's free-exercise claim under § 1983, we first must decide whether the challenged action "infringes upon a sincerely held religious belief."

Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 983 (8th Cir. 2004) (quotation omitted). Immediately, we run into a problem: In his complaint, Brooks asserts only that the chemical-dependency program available at MCF-Faribault "conflicts with his Native American religious faith" and that "MCF Faribault currently provides no chemical dependency treatment that is consistent with the Native American faith." Yet he never specifies his Native American faith (of which there are many), his beliefs consistent with that faith, or how the available program at his prison conflicts with his Native American beliefs, whatever they may be. Without that information, the prison officials were left without notice of the basis for Brooks's allegations that he was denied the right to exercise freely his religion and without enough information to respond adequately to the allegations in the complaint.[4]

To be clear, we are challenging neither the sincerity of Brooks's beliefs nor his assertion that his beliefs are religious in nature, both necessary elements of his claim. See Murphy, 372 F.3d at 983; Love v. Reed, 216 F.3d 682, 687 (8th Cir. 2000). We are saying only that, based on his complaint, we cannot discern what beliefs he has or what faith he professes. Because the defendants were not put on notice of his claims, judgment properly was granted in their favor. We take no position, however, on whether Brooks could supplement his pleadings, Fed. R. Civ. P. 15(d), or file a new complaint to include claims regarding his dismissal from the chemical-dependency program or any later events, should he happen to be reinstated into that program, see Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 290 (8th Cir. 1988).

As a final note, we recognize the confusion caused to Brooks, and likely to other inmates, by MDOC's complex, multiple-layered grievance system. The general grievance policy, located in MDOC 303.100, specifically states that it does not apply

---

[4]Because counsel prepared Brooks's complaint, that pleading is held to the standards expected of lawyers and not the "'less stringent standards'" afforded pro se litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

to grievances regarding chemical-dependency assessments or recommended programming. MDOC 303.100(C)(9). The policy addressing chemical-dependency grievances is MDOC 500.308; it says that offenders "*may* appeal their chemical dependency assessment by writing to their facility psychological services director . . . within 15 working days of the assessment." MDOC 500.308(D)(1)(b) (emphasis added). But according to this same policy, they may appeal "[o]nly the diagnosis and recommended programming"; a denied challenge to the location of their treatment is not appealable. While apparently attempting to follow these equivocal instructions, Brooks was told he could not appeal treatment decisions at all—despite the language in the policy that appears to suggest he is prohibited from appealing only the location of his treatment, not decisions regarding other aspects of the treatment. The confusing nature of the grievance procedures gives us pause. We also wonder whether inmates and prison administrators alike might benefit from more transparent and easy-to-follow procedures—particularly when failure to exhaust the remedies available in the prison's policies can be fatal to an inmate's legal cause of action. Because Brooks's complaint lacks necessary information to state a claim in the first instance, however, we need not address our concern any further to resolve this appeal.

### III. Conclusion

Because Brooks failed adequately to state a claim on which relief may be granted, the district court properly granted judgment in favor of the defendants. We thus affirm the judgment on that ground.

_____