# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2733

_____

Michael A. Falco

*Plaintiff - Appellant*

v.

Farmers Insurance Group; Farmers Insurance Group Federal Credit Union; Paul
Crossetti; Farmers Insurance Exchange; Fire Insurance Exchange; Mid-Century
Insurance Company; Truck Insurance Exchange; Farmers Insurance Company, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 13, 2015
Filed: August 3, 2015

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Michael Falco, formerly an independent agent selling for Farmers Insurance,
filed suit against Farmers Insurance Group, Farmers Insurance Exchange, Fire
Insurance Exchange, Mid-Century Insurance Company, Truck Insurance Exchange,

and Farmers Insurance Company, Inc. (Farmers), Paul Crossetti,[1] and Farmers Insurance Group Federal Credit Union (Credit Union). On March 26, 2014, the district court[2] granted summary judgment in favor of Farmers and Crossetti. On June 19, 2014, the court granted summary judgment in favor of the Credit Union. Falco timely appeals both rulings. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

The underlying facts in this case are largely undisputed. Falco was an agent selling insurance products for Farmers between February 1990 and June 15, 2011. On June 16, 1990, Falco and Farmers entered into an Agent Appointment Agreement (Agent Agreement) which governed the agency relationship between Falco and Farmers. Assuming certain conditions were met, the Agent Agreement provided Falco would be paid a Contract Value upon termination of the Agent Agreement. The amount of the Contract Value was determined by a formula set out in the Agent Agreement.

As a Farmers agent, Falco was entitled to borrow money from the Credit Union. On October 5, 2006, Falco obtained a $28,578.00 open-ended business loan from the Credit Union. In exchange, Falco signed a Loan Agreement.[3] Under the terms of the Loan Agreement, Falco assigned his interest in his Agent Agreement receivables—including his Contract Value— to the Credit Union as security for the

---

[1]At all times relevant to Falco's claims, Crossetti was the agency manager for the Farmers defendants.

[2]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

[3]The document was called an "Open End Variable Rate Note, Security Agreement and Federal Disclosure Statement for Loans Secured by Appointment Agreement Receivables."

business loan. The Loan Agreement also contained a provision appointing the Credit Union as Falco's "true lawful agent and irrevocable attorney-in-fact" with authority to demand payments that Farmers owed Falco. In the event of Falco's default on the loan, the Loan Agreement provided that the Credit Union could tender Falco's resignation under the Agent Agreement so the Credit Union could levy on Falco's Contract Value.

Beginning in February 2010, Falco failed to make payments to the Credit Union on his Loan Agreement; and in March 2010 he filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Missouri. He listed the Credit Union loan on his bankruptcy schedules. Falco received a discharge in his bankruptcy on February 2, 2011, which included a discharge of Falco's personal liability under his loan with the Credit Union.

On April 13, 2011, the Credit Union notified Farmers that Falco had "defaulted on his Contract Value Secured Loan" and exercised "the power of attorney voluntarily granted by Mr. Falco in his written loan agreement to terminate his Agent Appointment Agreement." Farmers sent Falco a letter dated June 8, 2011, advising him that the resignation memo submitted by the Credit Union had been accepted and that as of June 15, 2011, the Agent Agreement was terminated. Using the formula set out in the Agent Agreement, Farmers determined Falco's Contract Value to be $104,323.30. After the Agent Agreement was terminated, Farmers paid the Credit Union $29,180.92 and paid the balance to Falco, and Falco was no longer permitted to sell Farmers Insurance products.

Falco filed suit against Farmers, Crossetti, and the Credit Union in Missouri state court alleging violations of the United States Bankruptcy Code as well as state breach of contract and tort claims. On January 27, 2012, the case was removed to federal court. The district court allowed Falco to amend his complaint on August 15, 2012. The First Amended Complaint alleged violations of federal bankruptcy law

against Farmers, Crossetti, and the Credit Union (Count I); a claim against Crossetti and the Credit Union for tortious interference with contract (Count II); a claim of breach of contract against Farmers (Count III); a claim of breach of fiduciary duty against Crossetti (Count IV); and a claim of civil conspiracy against Farmers, Crossetti, and the Credit Union (Count V).

On May 9, 2013, Farmers and Crossetti filed a joint motion for summary judgment on all five counts. The district court found Farmers and Crossetti did not violate federal bankruptcy laws because the Credit Union's lien against Falco's Contract Value survived Falco's bankruptcy discharge (Count I); Falco could not show tortious interference with his contract because Farmers, and Crossetti as an agent of Farmers, were a party to the Agent Agreement (Count II); Falco could not prove breach of contract against Farmers because the Agent Agreement was terminated by mutual consent (Count III); Falco could not prove breach of fiduciary duty against Crossetti because Crossetti was not Falco's fiduciary (Count IV); and Falco could not show an underlying wrongful act or intentional tort, which was a necessary element of his claim for civil conspiracy (Count V). On March 26, 2014, the district court granted summary judgment on all claims in favor of Farmers and Crossetti.

Although his First Amended Complaint had been pending since August 15, 2012, Falco did not properly serve the Credit Union until August 6, 2013. On August 26, 2013, the Credit Union moved to dismiss all of Falco's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court dismissed Falco's claims for violation of 11 U.S.C. §§ 525 and 727, which were alleged in Count I, but denied the Credit Union's motion to dismiss Falco's claims alleging violations of 11 U.S.C. § 524 (also in Count I), tortious interference with a contract (Count II), and civil conspiracy (Count V).

-4-

In November 2013, Falco moved for leave to file a Second Amended Complaint. In his proposed Second Amended Complaint, Falco alleged that the power of attorney he granted the Credit Union under the Loan Agreement created a fiduciary relationship between the two parties, which the Credit Union breached by tendering Falco's resignation. The district court denied the motion, noting that it was filed more than a year after the deadline to amend pleadings had expired and that Falco offered no explanation for the delay. Thus, the First Amended Complaint remained the operative pleading in the case. Falco does not appeal the denial of his motion for leave to amend.

In March 2014, the Credit Union filed a motion for summary judgment on Falco's remaining claims. In response, Falco argued for the first time that the contractual rights he had given the Credit Union under the Loan Agreement—the power of attorney and right to tender his resignation if he defaulted—were void as against public policy. The district court acknowledged Falco's public policy argument but noted that Falco had not previously alleged this argument and did not supply any applicable law to support it.

On June 19, 2014, the district court granted the Credit Union summary judgment on all remaining claims. Specifically, the district court found the Credit Union's secured interest in Falco's Contract Value survived bankruptcy (Count I); the Credit Union did not tortuously interfere with Falco's Agent Agreement because it had a legal right to terminate the Agency Agreement (Count II); and Falco failed to show an underlying wrongful act or intentional tort as required under civil conspiracy (Count V).

## II. Discussion

Our review of the grant of summary judgment is de novo; we can affirm the judgment on any basis supported by the record. Brooks v. Roy, 776 F.3d 957,

959–60 (8th Cir. 2015). "Summary judgment is appropriate when one party has presented no evidence sufficient to create a question of fact with regard to an essential element of that party's claim." Id. at 960. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).

Falco's primary argument on appeal is that the power of attorney he granted the Credit Union made the Credit Union his fiduciary agent; and that the Credit Union breached its fiduciary duty of loyalty to him by tendering his resignation to Farmers. This, he asserts, is the reason why the district court erred in granting summary judgment to the Credit Union on Counts I, II, and V. However, it is undisputed that Falco's First Amended Complaint did not allege a breach of fiduciary duty against the Credit Union. Though Falco attempted to amend his Complaint to include such a claim, the district court denied his request. Falco's argument that the Credit Union breached its fiduciary duty to him, and thus is not entitled to summary judgment, was simply not addressed by the district court. Because the district court did not rule on this issue, we decline to consider it. See Campbell v. Davol, Inc., 620 F.3d 887, 891–92 (8th Cir. 2010) (an argument not raised or fully developed at the district court cannot be considered on appeal as basis for reversal); Bearden v. Lemon, 475 F.3d 926, 929–930 (8th Cir. 2007) ("[W]e do not normally consider issues which the district court did not rule upon." (quotation omitted)).

Similarly, Falco argues that because the Credit Union breached its fiduciary duty owed to him, enforcement of the provisions in the Loan Agreement that permitted the breach (i.e., tendering Falco's resignation for its own benefit) would violate public policy and be unenforceable. Because these provisions are unenforceable, the argument goes, none of the defendants—including Farmers, Crossetti, and the Credit Union—were entitled to summary judgment on any of the claims (Counts I–V) against them. Yet this argument is premised solely on the

assertion that the Credit Union breached its fiduciary duty to Falco, an argument not properly before us.[4]

The district court articulated specific reasons for granting summary judgment to Farmers, Crossetti, and the Credit Union on each of the five counts pled. On appeal, Falco does not address these reasons or assert why the district court's analysis led to an improper result. Instead, Falco relies solely on an allegation that was neither pled nor argued below, and he offers no additional independent argument that the district court erred in dismissing all claims in the First Amended Complaint. "Questions not raised, briefed or argued will ordinarily be given no consideration by an appellate court." Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) (quotation omitted).

### III. Conclusion

The decision of the district court is affirmed.

_____

---

[4]To the extent Falco's argument that enforcement of the Loan Agreement is against public policy might be construed as separate and distinct from his breach-of-fiduciary-duty argument, we note there is nothing in Falco's First Amended Complaint alleging any provision of the Loan Agreement violated public policy. As the district court noted, Falco's first attempt to argue that the contractual rights he gave the Credit Union under the Loan Agreement were void as against public policy was in his response to the Credit Union's motion for summary judgment. "[W]hile we recognize that the pleading requirements under the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment." Northern States Power Co. v. Fed. Transit Admin., 358 F.3d 1050, 1057 (8th Cir. 2004).