# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1393

_____

Michael L. Hale, Jr.

*Plaintiff - Appellant*

v.

Whole Foods Market Group, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 30, 2015
Filed: December 4, 2015
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Michael Hale, a former employee of Whole Foods Market Group, Inc., appeals from the final judgment entered after the district court[1] adversely granted summary

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

judgment on his Title VII claims.  He also challenges the district court's denial of a motion he filed related to a discovery dispute; his motion sought various sanctions including a finding of civil contempt.

We first conclude that the district court did not abuse its discretion in denying the discovery-related motion.  *See Holmes v. Trinity Health*, 729 F.3d 817, 820-21 (8th Cir. 2013) (standard of review for denial of discovery sanctions); *Indep. Fed. of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998) (standard of review for denial of contempt order).  We further conclude, upon de novo review, that the district court's summary judgment decision was proper.  *See Brooks v. Roy*, 776 F.3d 957, 959-60 (8th Cir. 2015) (standard of review for summary judgment decision); *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 796-97 (8th Cir. 2011) (for purposes of discrimination claim based on disparate-treatment theory, compared employees must be similarly situated in all relevant respects); *Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942-43 (8th Cir. 2010) (discussing hostile-work-environment claims); *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 881 (8th Cir. 2005) (discussing retaliation claims); *see also Edmund v. MidAmerican Energy Co.*, 299 F.3d 679, 685-86 (8th Cir. 2002) (federal court does not sit as super personnel department reviewing wisdom or fairness of business judgments made by employers, except to extent those judgments involve intentional discrimination).

Accordingly, we affirm.  *See* 8th Cir. R. 47B.

_____