# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2554

_____

Marie Therese Gladue

*Plaintiff - Appellant*

v.

Saint Francis Medical Center; Steven C. Bjelich; Jeanette Fadler; Marilyn Curtis; Teri Kreitzer

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: February 5, 2016
Filed: February 5, 2016
[Unpublished]

_____

Before BENTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Marie Gladue appeals an adverse grant of summary judgment on her Title VII gender-discrimination claims, the taxing of costs by the district court[1] in the

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

judgment, and the denial of a motion relating to summary judgment procedures. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Upon de novo review, this court concludes that summary judgment was proper. *See Brooks v. Roy*, 776 F.3d 957, 959-60 (8th Cir. 2015) (court of appeals reviews grant of summary judgment de novo); *Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942-43 (8th Cir. 2010) (for hostile-work-environment claims, courts consider totality of circumstances, including plaintiff's physical proximity to harasser); *McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 863 (8th Cir. 2009) (appropriate scope of investigation is business judgment, and shortcomings in investigation do not by themselves support inference of discrimination). The district court did not abuse its discretion in denying Gladue's motion. *See* Fed. R. Civ. P. 56(e) (if party fails to properly support assertion of fact court may give opportunity to support or address fact, or, inter alia, grant summary judgment if motion and supporting materials show movant is entitled to it); *cf. Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 922-23 (8th Cir. 2010) (abuse-of-discretion standard applies to district court's determination that claim is ripe for summary judgment). Additionally, the district court did not abuse its discretion by holding Gladue responsible for costs. *See* Fed. R. Civ. P. 54(d)(1) (costs other than attorney's fees shall be allowed to prevailing party, unless statute or court provides otherwise); *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 692, 695-96 (8th Cir. 2001) (reviewing for abuse of discretion district court's decision to award costs to employer following dismissal of employee's Title VII action).

Gladue did not present any meaningful argument in her opening brief about Appellees Steven Bjelich, Jeanette Fadler, Marilyn Curtis, and Teri Kreitzer. Their request to be removed from this appeal is granted. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007) (points not meaningfully argued in opening brief are waived).

The judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____