# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1475

_____

Michael Adams, on behalf of themselves and all others similarly situated; Colleen Adams, on behalf of themselves and all others similarly situated

*Plaintiffs - Appellants*

v.

American Family Mutual Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 12, 2016
Filed: February 24, 2016

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Michael and Colleen Adams owned a homeowners insurance policy issued by American Family Mutual Insurance Company (American Family) at the time a pipe burst in their home. The Adams couple (the Adams) believed that American Family had not reimbursed them for all of the damage to their home, and they invoked their right to appraisal under Iowa law. American Family did not participate in the

appraisal process, claiming that its policy did not allow for appraisals. The Adams initially filed a state court petition seeking damages from American Family for their individual claims, but later amended the petition to state a class action. American Family then removed the class action to federal district court and moved to dismiss. After the district court[1] granted American Family's motion and dismissed the case, the Adams moved to amend their complaint to reassert their individual claims. The district court denied the motion to amend. The Adams appeal, and we affirm.

I.

At the time a pipe burst in their home, the Adams owned an American Family homeowners insurance policy. American Family paid them for their structural damage pursuant to the policy. After the Adams received this payment, they discovered additional damage to their home and American Family refused to consider the additional losses. The Adams attempted to invoke their right to appraisal under Iowa Code § 515.109, but were informed by American Family that their contract only provided for arbitration, not appraisal.

The Adams then brought this claim against American Family in the Iowa District Court for Polk County. Initially they alleged that American Family had breached its duty of good faith, as well as their homeowners insurance contract, by refusing to pay for the additional damage and by not participating in an appraisal process. They sought punitive damages and a declaration that they had a right to appraisal for their additional losses. The Adams later amended their petition to plead a class action composed of all American Family insureds who had submitted claims for benefits under insurance policies which had binding arbitration clauses, whether for their homes, farms, or ranches. The class action petition sought a declaratory

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

-2-

judgment that American Family had illegally deprived the class members of their statutory rights to appraisal under Iowa Code § 515.109 and breached its duty of good faith. They also sought an injunction requiring American Family to advise all class members of their right to appraisal. After the state district court certified the class, American Family removed the lawsuit to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

American Family moved to dismiss, arguing that the class claims for declaratory and injunctive relief did not state claims because Iowa's appraisal statute does not create a private right of action. The Adams responded that these claims were premised on American Family's breach of the "conformity clause" in its homeowner contracts, not on a direct violation of Iowa's appraisal statute. The policy's conformity clause provides that if any part of a policy were found contrary to Iowa law, American Family agrees "to alter that part of [the] policy and make it conform with state law." The Adams argued that since the contract did not allow for appraisals, it did not conform with state law so the right to appraisal had to be inserted into the policy. When American Family did not honor the Adams' right to appraisal, it thus breached the contract.

The district court rejected this argument, concluding that the plaintiffs had simply requested the court to find that American Family had violated Iowa's appraisal statute, a statute which does not provide for a private right of action. The court alternatively noted that the conformity clause had not been pled in the amended class petition and concluded that this theory did not create a "case or controversy" appropriate for resolution under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Adams' declaratory judgment was dismissed as well as their request for an injunction. The court also dismissed the bad faith claim because the Adams had not alleged that American Family denied any of the class members' claims, a prerequisite for a bad faith claim in Iowa.

After the district court dismissed all of the Adams' class action claims, the court permitted them to file a Rule 15(a)(2) motion for leave to file an amended petition. Their proposed second amended petition alleged a breach of contract claim based upon American Family's failure to pay for the additional damage done to the their home and a bad faith claim seeking damages for American Family's failure to investigate, adjust, and pay for the additional losses. The district court denied the motion, concluding that the new petition merely attempted to resurrect the individual claims the Adams had initially asserted in state court and that such an amendment would substantially prejudice American Family. The Adams appeal the dismissal of their action and the denial of their motion to amend.

## II.

We review de novo a district court's grant of a motion to dismiss. Cormack v. Settle-Beshears, 474 F.3d 528, 531 (8th Cir. 2007). On appeal the Adams' sole theory of class liability is that American Family breached the "conformity clause" in the insurance policies held by the class members. American Family argues that this theory of liability was not pled in the amended class action petition and therefore was properly dismissed. A theory of liability that is not alleged or even suggested in the complaint would not put a defendant on fair notice and should be dismissed. See Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 665 (8th Cir. 2012). In order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Gomez, 676 F.3d at 665 (internal quotations omitted).

The conformity clause was never mentioned in the Adams' class action petition. Instead, their petition alleged that American Family had illegally deprived the class members of their statutory right to appraisal and sought a declaration from the district court that the company had violated Iowa Code § 515.109. As the district

court correctly noted, the first time the Adams brought up a breach of contract theory of liability based on the conformity clause was in their brief in resistance to American Family's motion to dismiss. Since the Adams had failed to plead sufficient facts to provide American Family with fair notice of this theory, the district court did not err in dismissing that claim. See Gomez, 676 F.3d at 665.

## III.

We review the district court's denial of the Adams' motion to amend their petition for abuse of discretion. See Briehl v. Gen. Motors Corp., 172 F.3d 623, 629 (8th Cir. 1999). A district court does not abuse its discretion when it denies plaintiffs "leave to amend the pleadings to change the theory of their case after the complaint has been dismissed under Rule 12(b)(6)." Id. at 629. The Adams argue that their motion to amend did not change their theory of the case because "throughout the course of this litigation . . . the Adamses' claim is, and always has been, a claim for monetary damages." This argument is without merit.

The Adams' motion to amend sought to change their theory of the case because the class action petition had challenged the contents of all American Family insurance policies in a declaratory judgment pleading while the proposed second amended petition claimed that American Family breached the contents of the insurance contract. Additionally, the class action petition sought a class wide injunction, not individual damages, while the proposed second amended petition sought individual damages instead of a class wide injunction. The district court therefore did not abuse its discretion because the Adams sought to change their theory of liability after their class action petition had been dismissed.

IV.

For these reasons we affirm the orders of the district court.

_____