# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3903

_____

Rashad Hasan

*Plaintiff - Appellant*

v.

Bank of America, N.A.; BANA CIG HF1 LIENS GOV REW; Bank of America,
N.A., as successor by merger to BAC Home Loans Servicing LP f/k/a
Countrywide Home Loans Servicing LP

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 21, 2016
Filed: July 6, 2016
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Rashad Hasan filed a complaint against Bank of America, N.A. (BANA)
under the Fair Debt Collection Practices Act (FDCPA) and the Truth in Lending Act

(TILA),[1] the District Court[2] granted BANA's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and denied Hasan leave to amend the complaint. Hasan appeals. After review, see Adams v. Am. Family Mut. Ins. Co., 813 F.3d 1151, 1154 (8th Cir. 2016) ("We review de novo a district court's grant of a motion to dismiss."); Friedman v. Farmer, 788 F.3d 862, 869 (8th Cir. 2015) (noting that the appeals court reviews de novo the district court's legal conclusions when that court denied as futile a motion for leave to amend), we affirm.

We agree with the District Court that Hasan's boilerplate allegations do not describe a specific act that violated the specific provisions of the FDCPA. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to save a complaint from dismissal). Hasan's purported rescission of his residential mortgage does not support a cause of action under the TILA, see 15 U.S.C. § 1635(e)(1) (exempting from the right of rescission "a residential mortgage transaction"); 15 U.S.C. § 1602(x) (defining "residential mortgage transaction" as "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"), and his claim for damages is untimely, 15 U.S.C. § 1640(e) (requiring that a civil action for damages under the TILA be brought "within one year from the date of the occurrence of the violation"). Finally, the district court properly denied as futile Hasan's motion to amend the complaint because the proposed amended complaint fails to correct the deficiencies of the original complaint.

We affirm and we deny Hasan's pending motion.

———————————

[1]Hasan also raised identity-theft claims but failed to brief their dismissal. See Falco v. Farmers Ins. Grp., 795 F.3d 864, 868 (8th Cir. 2015) (noting that an appellate court will not ordinarily consider issues not briefed on appeal).

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.