# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2388

_____

Jay Lloyd Harris

*Plaintiff - Appellant*

v.

Deputy Warden Richard Todd Ball, Ouachita River Unit of the Arkansas Division
of Correction; Director Dexter Payne, ADC; Dr. Guy Michael Henry, ORU;
John Doe, Medical Director, ADC; Warden DeAngelo Earl, ADC; WellPath, LLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas

_____

Submitted: January 30, 2024
Filed: February 2, 2024
[Unpublished]

_____

Before LOKEN, COLLOTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Jay Harris appeals following the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action. After careful review of the record and the parties' arguments on appeal, we affirm. *See De Rossitte v. Correct Care Sols., LLC*, 22 F.4th 796, 802 (8th Cir. 2022) (reviewing de novo grant of summary judgment).

Harris challenges the district court's determination that he failed to exhaust available administrative remedies with respect to certain claims. He argues the claims concerned matters that were non-grievable under the prison grievance system. As to Harris's claims against Deputy Warden Richard Ball and Arkansas Division of Correction Director Dexter Payne concerning restrictions on visitation and communication, we agree with the district court that Harris had available administrative remedies and failed to exhaust them. *See* 42 U.S.C. § 1997e(a) (exhaustion requirement); *Ross v. Blake*, 578 U.S. 632, 642 (2016) (noting, based on the language of the Prison Litigation Reform Act, inmates only have to exhaust "available" administrative remedies–those capable of obtaining some relief). As to Harris's claim against Ball, Payne, and Warden DeAngelo Earl concerning Harris's work assignment–an issue the prison grievance policy states is non-grievable "unless in conflict with medical restrictions"–we need not decide whether administrative remedies were available, as the claim fails for another reason warranting affirmance. *See Brooks v. Roy*, 776 F.3d 957, 959-60 (8th Cir. 2015) (noting this court may affirm on any basis supported by the record). We conclude Harris failed to allege facts suggesting these defendants were deliberately indifferent to his health and safety, especially because Harris asserts medical staff consistently refused to provide him with a medical restriction on outside labor. *See Williams v. Norris*, 148 F.3d 983, 986-87 (8th Cir. 1998) (listing the requirements for deliberate-indifference claim

---

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Barry A. Bryant and the Honorable Mark E. Ford, United States Magistrate Judges for the Western District of Arkansas.

based on work assignments which are inappropriate due to inmate's medical condition).

Accordingly, we affirm, but modify the dismissal of the visitation and communication claims to be without prejudice. *See* 8th Cir. R. 47B; *Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) (mandating dismissal without prejudice of unexhausted claim).

_____